## G., C. & S. F. R'Y Co. v. J. H. Head.

(No. 3006.)

Appeal from Cooke County. Opinion by White, P. J.

*(Transferred from Austin.)*

J. W. Terry, counsel for appellant.

No counsel appeared for appellee.

§ 209. *Damages; charge of the court should instruct as to proper rule for; case stated.* This was an action for damages for personal injuries to the wife, who was a passenger on the railroad, and carried beyond the station, the train failing to stop a sufficient time at said station or depot to enable her to get off, and she was afterwards put off five hundred yards beyond said depot — all of which it is alleged caused the wife to have a relapse of sickness, from which she had but recently recovered. Defendant pleaded general denial and contributory negligence. ·Verdict and judgment for plaintiff for $250. It was error for the court to charge the jury, in case they should find defendant was negligent, that "you will find for plaintiff actual damages in any amount you may think proper." It left the jury at liberty to award the full amount of the damages claimed, without instructing as to the proper rule by which to estimate damages in the case, which it was the duty of the court to do. [1 Civil Cas. Ct. App., §§ 446, 1148; 2 Civil Cas. Ct. App., § 408.]

§ 210. *Same; contributory negligence; duty of passenger on railroad train to avoid injury.* The court erred in refusing to give in charge to the jury, as applicable to the facts in the case, the first, second and third special requested instructions of defendant, as follows, viz.: "(1) If you believe from the evidence that the plaintiff became ill after leaving defendant's train, the burden of proof is on the plaintiff to prove that the sickness of his wife resulted from defendant's act in requiring her to get off the train, and not from other causes; and if plaintiff has failed to do this, you will find for the defendant." This charge was in conformity with the rules as announced in Railway Co. v. Burns, 71 Tex. 479, and Clark v. Hills, 67 Tex. 141. "(2) If said train ran past the depot at Valley View and then stopped, and plaintiff's wife left said train at this point, where it stopped, without objection or protest, and without requesting the conductor or

other agent to run said train back to said depot, plaintiff would not be entitled to recover any damages by reason of his wife's having to walk back to said section-house or depot. (3) If you find from the evidence that, after leaving said train, plaintiff's wife walked back to the section-house, and that so walking that distance did not cause her illness, and that while so there any of her relatives or friends proposed to take her home safely, and that she declined said assistance, and subsequently walked a longer distance to her home, and this last walking caused or contributed to her sickness, then you cannot find for the plaintiff, even though defendant was in fault in requiring her to leave the train at a point other than the depot." It was the passenger's duty to use ordinary care to prevent injuries to herself greater than the situation demanded. [Railway Co. v. Cole, 66 Tex. 562.

January 31, 1891.          Reversed and remanded.