## CARIKER et al. v. DILL et al.

(Court of Civil Appeals of Texas. Galveston. Oct. 25, 1911.)

1. JUSTICES OF THE PEACE (§ 164*)—APPEAL —TRANSMISSION OF TRANSCRIPT—DISMISSAL OF APPEAL.

Rev. St. 1895, art. 1670, relative to appeal from a justice to the county court, provides that when the appeal bond is approved and filed with the justice the appeal is thereby perfected. Article 1672 provides that when the bond is filed, and the previous requirements of this chapter are complied with, the appeal shall be held to be perfected. Article 1673 requires the justice to immediately make a copy of all entries on his docket in the cause, and certify thereto, and transmit the same, together with a certified copy of the bill of costs and the original papers in the cause, to the county court. Article 1674 provides that this transcript must be transmitted on or before the first day of the second succeeding term of the county court. *Held* that, whether or not such transmission of the transcript, which the party appealing must see is done, is necessary "to perfect the appeal" technically, it is necessary properly to present the cause in the county court, so that dismissal of the appeal for want of jurisdiction, because of nonfiling of the transcript, after lapse of three terms of the county court, was proper.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. § 164.*]

2. JUDGMENT (§ 480*)—COLLATERAL ATTACK— DECISION AS TO JURISDICTION.

The judgment of the county court, dismissing an appeal from a justice, on the ground that

---

the transcript had not been filed so as to give it jurisdiction to hear the appeal, is conclusive against collateral attack.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 480.*]

**3. JUSTICES OF THE PEACE (§ 166*)—APPEAL—EFFECT OF DISMISSAL.**

Dismissal by the county court of an appeal to it from a justice, on the ground that the transcript had not been filed so as to give it jurisdiction, revives the judgment of the justice, so that garnishment may be issued thereon.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 638–646; Dec. Dig. § 166.*]

**4. GARNISHMENT (§ 7*)—JUDGMENT TO SUPPORT—PREMATURE ISSUANCE.**

Issuing a garnishment on a judgment of a justice, before appeal therefrom was dismissed for want of jurisdiction, is a mere irregularity, not rendering the garnishment proceedings or the judgment on the replevy bond, given therein by the defendant, void; but such judgment, though erroneous, is conclusive till set aside in a proper proceeding.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 6–10; Dec. Dig. § 7.*]

**5. JUDGMENT (§ 403*)—EQUITABLE RELIEF—INJUNCTION.**

Injunction to restrain collection of an erroneous judgment is not a proper proceeding to set it aside.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 764; Dec. Dig. § 403.*]

**6. JUDGMENT (§ 461*) — PRESUMPTION AS TO VALIDITY.**

Persons seeking to have execution of judgment against them enjoined, on the ground that they were not properly made parties to the judgment, must affirmatively show such fact, as otherwise it will be presumed that what was done was rightfully done.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 892–895; Dec. Dig. § 461.*]

Appeal from District Court, Nacogdoches County; James I. Perkins, Judge.

Suit by A. J. Cariker and another against J. H. Dill and others for injunction. From an adverse judgment, plaintiffs appeal. Affirmed.

King & King, for appellants. A. T. Russell, for appellees.

REESE, J. This is an appeal from an order of the district court, dissolving a temporary injunction. The substance of plaintiffs' case, as set out in their petition, is that J. H. Dill procured a judgment in the justice court against the B. & K. Lumber Company, on September 3, 1908, for $111.34, from which judgment the defendant lumber company appealed to the county court, and on the 12th day of September filed its appeal bond, which was duly approved, with the justice of the peace; that thereafter, before the appeal was disposed of, Dill sued out a garnishment in the justice court, under subdivision 3 of article 217, R. S. 1895 (treating said judgment as a final judgment), against one Marshall, under which certain property alleged to belong to the lumber company in the hands of the garnishee was seized; that

thereupon, on March 30, 1909, the lumber company executed a replevy bond under the statute, with the plaintiff Cariker and Morris as sureties; that the appeal in the original case was dismissed on motion of Dill, the plaintiff in the judgment, on July 21, 1909, on the ground that the said lumber company had not filed in the county court the transcript and appeal bond from the justice court, notwithstanding three terms of said court had elapsed; that thereafter, on January 6, 1910, the justice of the peace rendered judgment against the sureties on the replevy bond, being the plaintiffs in the present suit, upon which execution had been issued, and was about to be executed. It was alleged that the judgment had been rendered against the sureties in the replevy bond without making them parties to the suit, and without rendering judgment against the principal. It was set out that this judgment was void for the several reasons stated, and injunction was prayed for, to restrain its collection. The district judge granted a temporary injunction in chambers, returnable to the first day of the succeeding term of the district court in Nacogdoches county, where the proceedings referred to were had. Defendant Dill answered fully, pleading, among other matters, a general denial, and moving to dissolve. At this term a hearing was had upon the pleadings and evidence introduced, which is embodied in a statement of facts in the record. Upon the hearing, the district court sustained the motion of defendant Dill to dissolve, from which this appeal is prosecuted, under the late act providing for and regulating such appeals. No assignment of errors was filed in the district court, and a motion was seasonably made to dismiss the appeal on that ground. The record leaves some doubt whether the case should be treated as an appeal from a final judgment, but we resolve the doubt in favor of appellant, and overrule the motion to dismiss.

So far as we can understand the statement of facts, which consists of copies of the proceedings in the justice court and county court, it was established that appellee procured judgment in the justice court against the B. & K. Lumber Co., as stated, on September 3, 1908; that the lumber company executed an appeal bond on September 12, 1908, which was duly approved and filed. This appeal bond, as appears from the statement of facts, was filed in the county court May 7, 1910, but appellee admits in his answer that it was filed on May 7, 1909. It was not shown that the transcript from the justice court was ever filed in the county court. Notice of appeal was issued out of the county court on May 8, 1909, and served on Dill May 20th. On July 21, 1909, Dill filed a motion in the county court to dismiss the appeal, on the ground that the county

court had no jurisdiction, for the reason, as stated, that the transcript from the justice court had not been filed until after three terms of the county court had elapsed. (Which was established to be true.) On July 23, 1909, the motion was sustained, and the appeal dismissed.

On March 12, 1909, Dill sued out a writ of garnishment on the justice court judgment referred to against Marshall, garnishee, and on March 30, 1909, the B. & K. Lumber Company, defendant in the judgment, gave a replevy bond, under article 225, R. S. 1895, with A. J. Cariker and R. B. Morris as sureties, who are the plaintiffs in the injunction proceedings and appellants here. On January 6, 1910, the justice of the peace rendered judgment in the garnishment suit against Marshall, garnishee, and Cariker and Morris, sureties on the replevy bond, for the amount of the original judgment against the B. & K. Lumber Company. Execution was sued out on this judgment against Cariker and Morris, whereupon this injunction was sued out.

[1] The statute (article 1670, R. S. 1895) provides that when the appeal bond is approved and filed with the justice of the peace the appeal is thereby perfected. Another article (article 1672) provides that when the bond is approved and filed "and the previous requirements of this chapter are complied with" the appeal shall be held to be perfected. One of the requirements of the statute is that the justice of the peace must immediately make out a true and correct copy of all entries made on his docket in the cause and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs and all original papers, to the clerk of the county court. Article 1673. It is further provided (article 1674) that this transcript must be so transmitted, if practicable, on or before the first day of the next succeeding term of the county court, or, if not so practicable, on or before the first day of the second term. It is clearly the duty of the person prosecuting such appeal to see that this is done. Until it is done, the county court cannot proceed, and we are of the opinion that, whether it is necessary to do this in order "to perfect the appeal" technically or not, it is necessary in order to properly present the cause in the county court, and that a failure to have this done until after three terms of the county court have elapsed authorizes a dismissal of the appeal. If there is such delay, not explained nor excused, the appeal cannot be said to be properly perfected. It was held in Wells v. Driskell, 131 S. W. 87, also in Railway v. Connerty, 4 Willson, Civ. Cas. Ct. App. § 207, 15 S. W. 504, that in such case the county court did not have jurisdiction of the cause, and that it was proper to dismiss the appeal for want of jurisdiction.

[2, 3] It was further held in Roberts v. Mc-Camant, 70 Tex. 743, 8 S. W. 543, by our Supreme Court that a dismissal of the appeal on the ground that the cause was not appealable, although wrongful, the case being clearly appealable, was nevertheless res adjudicata of this question. In the present case, the county court held that it had no jurisdiction for the reason that the transcript had not been filed; that the appeal had not been perfected so as to give that court jurisdiction, and for this reason dismissed the appeal. The county court had the power to so decide, and, under the decision in Roberts v. McCamant, supra, its judgment is final and binding as to that question. This being true, the dismissal of the appeal on this ground revived the judgment of the justice of the peace, and takes the case out of the rule laid down in Western Union Tel. Co. v. McKee Bros., 135 S. W. 658, and the other cases cited in the opinion, which hold that, "when an appeal is properly taken from the judgment of a justice court, it operates to avoid the judgment, and a subsequent voluntary dismissal in the county court does not restore it to validity. Roberts v. McCamant, 70 Tex. 743, 8 S. W. 543." In the opinion in the cited case, it is further said: "If, however, it be a case that cannot be properly appealed, or if the law for perfecting appeals be not complied with, we are of the opinion that the judgment remains in force; and upon a dismissal by the county court, on the ground that it has not acquired jurisdiction of the case, it is the duty of the justice to issue execution upon the original judgment." In the cited case, the appeal was dismissed, on the ground that the case was not appealable. The Supreme Court held that the case was in fact appealable, but that the judgment of the county court that it was not, though erroneous, was conclusive until set aside by appropriate proceeding, and estopped the defendant from saying that the case had been properly appealed. Bender v. Lockett, 64 Tex. 566.

[4, 5] We think that it was an irregularity to issue a garnishment on the original judgment before the appeal was dismissed, but this did not render the garnishment proceedings or the judgment on the replevy bond here sought to be enjoined void. H. & T. C. R. R. Co. v. Young, 137 S. W. 380, and cases cited in the opinion. As in the McCamant Case, supra, the judgment, though erroneous, was conclusive until set aside in a proper proceeding. Injunction to restrain the collection of the judgment is not such a proceeding.

[6] It is alleged that appellants were not made parties to the judgment. This, we think, was necessary, but there is nothing in the record to show that this is true. When a party seeks the aid of a court of equity to restrain the execution of a judgment on this ground, he must affirmatively show that the fact existed. Otherwise the presumption

would be that what had been done had been rightly done. We conclude that the district court did not err in dissolving the injunction, and the judgment is affirmed.

Affirmed.