HOUSTON & T. C. R. CO. v. AYCOCK.
(No. 1299.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1918.)

1. JUSTICES OF THE PEACE ⚷164(3)—APPEAL —TRANSCRIPT—MAKING AND FILING.
Although, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2396, upon granting appeal to county court, the justice shall immediately make and transmit a transcript, and under article 2395 appeal is perfected upon filing bond, appellant must cause transcript to be filed as required by article 2397.

2. JUSTICES OF THE PEACE ⚷166(2)—APPEAL —DISMISSAL—NEGLIGENCE OF APPELLANTS.
On failure of justice of the peace to make and transmit a transcript upon appeal to the county court, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2396, and within time required by article 2397, appellant must compel the same by mandamus, failure to do which for several subsequent terms is negligence justifying dismissal.

3. JUSTICES OF THE PEACE ⚷166(3)—APPEAL — DISMISSAL OF APPEAL — MOTION TO DISMISS—TIME FOR FILING.
On appeal from a justice of the peace to the county court the appellee cannot file a motion to dismiss until the transcript has been filed.

4. JUSTICES OF THE PEACE ⚷166(2)—APPEAL —DISMISSAL—DELAYED TRANSCRIPT.
Failure to file appeal transcript from justice with county court within time prescribed in Vernon's Sayles' Ann. Civ. St. 1914, art. 2397, will not always be ground for dismissal, since article 2400 provides mode of procedure in district and county courts shall control in justice's court, unless procedure is otherwise prescribed, where for good cause more than 90 days may be allowed.

Appeal from Collin County Court; R. L. Moulden, Judge.

Action for conversion by A. J. Aycock against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appealed to the county court. From a judgment dismissing the appeal, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and G. R. Smith, of McKinney, for appellant. Wallace Hughston, of McKinney, for appellee.

HALL, J. The following statement of the nature and result of the suit is adopted from appellant's brief:

"This suit was filed in the justice court, precinct No. 1, Collin county, on the 8th day of September, 1914, being a suit for $165, for the alleged conversion of a horse and buggy shipped by appellee from McKinney, Tex., to Denison, Tex. The case was tried before T. Hughston Beverly, justice of the peace, on January 4, 1915, which resulted in judgment for appellee for the full amount sued for, to wit, $165, from which judgment appellant gave notice of appeal to the county court of Collin county, Tex., on the 13th day of January, 1915, and filed the appeal bond, which was approved and filed on that date, and the justice of the peace was requested by attorney for appellant to make out and forward the transcript to the county court of Collin county, Tex. The justice of the peace neglected to make out and file the transcript and the original papers in the county court of Collin county, Tex., to the next succeeding term of the county court, and neglected for several subsequent terms to file the papers in the county court, though requested to do so at each subsequent term by the attorney for appellant, and promised to do so at once at each subsequent term of the court, stating that he had merely overlooked the matter. Mr. Beverly, justice of the peace who tried the case, resigned his office the latter part of July, 1916, and Hon. T. C. Andrews was appointed justice of the peace in his place. Said T. C. Andrews, justice of the peace, immediately upon request of appellant's attorney, made out a transcript of the case and filed the transcript with the original papers in the case in the county court on the 2d day of August, 1916, but made a clerical error in his certificate of the transcript, in which he used the name of Hughston Beverly, the former justice of the peace, in the body of the certificate. On the 7th day of November, 1916, appellee filed a motion to dismiss the appeal in the case because: First, no correct transcript of the record in the justice court was filed in the case; and, second, because the transcript filed herein was too late, in this: That the judgment was rendered in the justice court on January 4, 1915, and the transcript was not filed in the county court until the 2d day of August, 1916. After the filing of said motion and before a judgment was entered thereon, to wit, the 19th day of January, 1917, appellant had prepared a correct transcript which was filed in the county court on the 19th day of January, 1917. On April 7, 1917, after the corrected transcript had been filed in the county court, the court passed upon the motion heretofore filed to dismiss said appeal, and sustained the motion to dismiss the appeal, to which action of the court appellant excepted, and gave notice of appeal to the Court of Civil Appeals."

Under the first assignment of error it is insisted that the court erred in dismissing the appeal, because the motion to dismiss was not filed in time. The same contention is made under the second assignment.

[1] By the third assignment appellant urges the proposition that plaintiff, Aycock, waived the filing of the transcript and papers at the first or second term of the county court after the trial in the justice court, and urges the further proposition under the third assignment that the findings of fact by the court show that the appellant used due diligence to have the transcript and papers sent up. Vernon's Sayles' Civil Statutes, art. 2396, provides that when an appeal has been

granted from the justice court to the county court it shall be the duty of the justice who made the order immediately to make out a transcript of the entries on his docket and after certifying thereto officially to transmit the same to the clerk of the county court of his county. It is provided by article 2395, Id., that the appeal is perfected when the party aggrieved by the judgment in the justice court files his appeal bond, or affidavit in lieu thereof. The Supreme Court, in Wells v. Driskell, 105 Tex. 77, 80, 145 S. W. 333, 335, approves the holding of the Court of Civil Appeals in Patty v. Miller, 5 Tex. Civ. App. 308, 24 S. W. 330, that the purpose of the transcript from the justice court is to show, not to give, jurisdiction, to the county court. In that case the Supreme Court further said:

"We do not wish to be understood as holding that it is only necessary in case of an appeal from justice courts to file an appeal bond and send up that with the original papers without a proper transcript of the proceedings."

[2-4] Judge Reese, in Cariker v. Dill, 140 S. W. 843, says it is clearly the duty of the person prosecuting such an appeal to see that the transcript is sent up in accordance with statutory requirements. While there is a lack of harmony in the decisions upon this question, the better rule seems to be that announced by Judge Reese in the Cariker Case. Plaintiff, Aycock, had obtained a judgment against the appellant herein with which he was satisfied. Appellant being the party aggrieved filed its appeal bond, which under the statute vested jurisdiction in the county court. It then became the duty of appellant to have the justice of the peace transmit the transcript of his docket and the original papers, if practicable, to the clerk of the county court, on or before the first day of the next term of such court, and, if not practicable, then to transmit them on or before the first day of the second term thereof, as required by article 2397. In the event the justice should fail to comply with these statutory requirements on or before the first day of the second term of the county court, appellant had the right, and it became its duty, to mandamus the justice of the peace and enforce the performance of the statutory requirement. Appellant, however, waited for more than 18 months, and never resorted to mandamus proceedings. We think this is such a degree of negligence as warranted the court in dismissing the appeal. Until the case was filed in the county court and docketed no motion to dismiss could have been made by Aycock, and although it is intimated in some of the earlier cases by the Civil Court of Appeals that a failure to file the motion forthwith would constitute a waiver of the right to dismiss, we cannot assent to such a rule. We do not wish to be understood as holding that a failure to file the transcript and papers with the clerk of the county court on or before the first day of the second term after appeal is perfected will in all cases be ground for dismissing the appeal. It is provided by article 2400, Vernon's Sayles' Civil Statutes, that whenever the mode of proceeding in any particular case or matter is not prescribed by the provisions of the title relating to justice courts, the same shall be governed by the provisions of the title relating to the mode of proceeding in the district and county courts in civil cases in so far as the same are applicable. The rule is that in appeals from the district and county courts transcripts must be filed in the Court of Appeals within 90 days, yet the appellate courts of the state have uniformly permitted transcripts to be filed after the expiration of the 90-day period when good excuse is shown for such delay. The only excuse offered in the instant case by appellant for failing to mandamus the justice of the peace is that he promised from time to time to make the transcript and transmit it to the county clerk. This is not sufficient after the lapse of reasonable time.

The judgment is therefore affirmed.