### PENA v. SEPULVEDA et al.
#### No. 10435.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 16, 1938.

Rehearing Denied Dec. 14, 1938.

F. Lotto, of San Diego, for appellants.

Lloyd & Lloyd, of Alice, for appellee.

SMITH, Chief Justice.

This proceeding to probate the will of Elena V. de Pena originated in the Probate Court of Duval County. It is conceded by the parties, although not affirmatively shown by the record, that probate of the will was denied upon a contest in that court. The proponents attempted to appeal to the District Court, upon a bond concededly and fatally defective in substance, and the appeal was dismissed therefrom on that account. The proponents of the will have appealed to this court.

■ The transcript brought up from the District Court includes no pleadings, orders, decrees, judgments, or any other proceeding filed, rendered, had, or entered, in the probate court, except the defective appeal bond. Assuming that the transcript from the District Court is correct, it is obvious that that court had nothing before it to invoke its jurisdiction, and it could enter no other order than that of dismissal, as was done.

■ Appellant has tendered in this court a transcript of the probate record direct from that court, but this court can take cognizance only of the record made in the District Court, from which the appeal is sought to be prosecuted, and the record of another court can avail nothing, and must be rejected. If it is true, as appellant asserts, that a transcript of the proceedings of the probate court was taken up to the District Court and filed as a part of the proceedings therein, then the same must come to this court over the certificate of the clerk of that court, as a part of the record on appeal therefrom. Appellant cites the case of Navarro v. Garcia, Tex. Civ.App., 172 S.W. 723, decided by this court, in support of his motion for leave to file in this court the transcript from the probate court, which does not appear to have been filed among the papers in the District Court. The opinion in the cited case does not disclose its relevancy, but an examination of the record therein does disclose that the record of the proceedings in the probate court, omitted from the original transcript, was brought up to this court in a supplemental transcript, not from the probate court, but from the District Court, from which, as in this case, the appeal was prosecuted. If the same procedure had been timely pursued in this case, we would have been obliged to permit the filing of a supplemental transcript from the District Court, from which the appeal came, but not one from the county court.

■ "All the original papers in the proceedings" in the probate court must have been filed in the District Court in order to invoke the jurisdiction of that court, Art. 3702, R.S.1925, and must then have been incorporated in the transcript from the District Court to this court in order to confer jurisdiction upon this court. It is obvious, then, that a transcript direct from the probate court to this court would be absolutely meaningless.

■ As stated, the District Court dismissed the appeal from the probate court because of the insufficiency of the appeal bond filed by appellant in the probate court. It was shown, and was conceded by appellant, that the amount of said bond was not fixed by the county judge, nor was he requested by appellant to exercise that function, which was conferred upon him by statute. Art. 3699, R.S.1925. Before the trial judge granted appellees' motion to dismiss, upon the ground stated, appellant filed a reply to the motion to dismiss, and, in his prayer, asked the court to set aside the order of dismissal, although no such order had yet been made, and prayed that the District Judge then and there fix the amount of such appeal bond, and, inferentially, offered to prepare and file a new bond in such suit. According to the transcript, to which alone we may look for the facts, appellees' motion to dismiss was filed February 3, 1938, and the order sustaining said motion and dismissing the cause was made, filed and entered on February 12th, whereas, appellant's motion to set aside said order had been filed in the meantime, to-wit, February 7th, and was never acted upon by the court, affirmatively, according to the record. In this confused state of the record, it is doubtful if relief could be granted appellant, even upon a showing of good cause for substituting the defective bond. Appellant invokes the statute authorizing amendment or substitution of defective appeal bonds, Art. 1840—A, Vernon's Civ.Statutes, 1938 Supp., Acts 1931, 42d Leg. p. 315, Ch. 187, but it is sufficient that appellant did not, under that Act, tender a good bond in the District Court, nor did the judge of that court make any order denying appellant any opportunity to supply a good bond.

That court was not put to an election in the matter.

In the absence of the record of the probate court, and of a good bond, the District Court acquired no jurisdiction of the attempted appeal, and the District Court being without jurisdiction, this court can acquire none.

The appeal must be dismissed, at the cost of appellant.