### KUYKENDALL et al. v. GILL et al.
### No. 3857.

Court of Civil Appeals of Texas. El Paso.
July 6, 1939.

Rehearing Denied July 29, 1939.

Collins, Pate, Hatchell & Garrison, J. J. Collins and C. S. Williams, all of Lufkin, for appellants.

Norman, Stone & Norman, of Jacksonville, and Smithdeal, Shook & Lefkovitz, of Dallas, for appellees. ·

WALTHALL, Justice.

On November 19, 1936, appellee J. W. Gill filed in the County Court of Cherokee County an application for the probate of an instrument alleged to be the last will of W. R. Tennison, deceased.

On November 30, 1936, appellants, Mrs. Bernice Duty Kuykendall, joined by her husband, and other named, filed in the case in the County Court a contest in opposition to the probate of said will.

On April 21, 1937, the matter of the probate of said will was heard in the County Court and judgment and decree was made and entered admitting such will to probate.

On May 5, 1937, contestants filed their appeal bond which was on said date approved and filed by the County Clerk.

The original papers in the cause were duly transmitted by the County Clerk to the Clerk of the District Court and by such clerk, on May 25, 1937, filed in that court.

Among the other original papers so transmitted to and filed in the District Court was the original draft of the decree of the County Court admitting the will to probate, signed by the County Judge but not certified by the County Clerk as being a true copy of the decree.

The cause was tried in the District Court before a jury at the June Term, 1937, of the District Court, but resulted in a mistrial.

On June 20, 1938, appellees, the proponents of the will, filed a motion to dismiss and strike from the docket of the District Court the appeal, setting out in the motion and as ground therefor, first, that no certified copy of the decree of the County Court from which the appeal was prosecuted had been filed · in the District Court; that though the District Court originally had jurisdiction it had, as a result of the laches and neglect of the contestants in not having such certified copies filed in the District Court, lost jurisdiction to hear the contest, or to revoke or supersede the order of the County Court; and, second, that the appeal should be stricken for want of prosecution and the neglect and laches of the proponents in failing to have the appeal perfected by having such certified copy, requires the District Court to dismiss the cause for want of prosecution.

On August 6, 1938, a hearing was had on the motion, and on August 10, 1938, the District Court entered an order sustaining the motion and dismissing such appeal and decreeing that the order of the County Court admitting the will to probate is and remains final and undisturbed and shall be carried into effect, and that such judgment shall be certified to the County Probate Court and that all original papers be returned to that court.

The appellants here duly excepted and prosecute this appeal.

### Opinion.

Appellants filed herein a number of assignments of error, and, as germane thereto, filed and present in their brief several propositions all, in effect, complaining and assigning as reversible error the judgment, order and decree of the Court sustaining appellees' motion to dismiss and strike from the docket of the District Court appellants' appeal from the order of the County Court admitting to probate the will of W. R. Tennison, deceased.

We have stated in substance the ground of appellees' verified motion which, in effect, alleges that the appellants did not have the County Clerk, and said Clerk did not on his own accord, prepare a certified copy of the order admitting said will to probate and send the same to or file the same with the District Clerk of Cherokee County, neither at the first term thereof after the filing of the appeal bond, nor to the next succeeding term thereof, nor has said certified copy of the order of the

Probate Court admitting said will to probate been procured and filed at the time the motion is filed. The motion then states that the District Court, though having potential jurisdiction, has, as a result of the laches and neglect of appellants, lost jurisdiction to hear the case on appeal, and moved the Court to dismiss the appeal.

Appellants answered said motion by general denial, by statements in several paragraphs of the proceedings in the case, their exception to the order probating the will and their appeal by filing bond; verified statement that immediately on appeal they requested the County Clerk to transmit all original papers to the District Clerk with the appeal bond "and a certified copy of the order or decree appealed from"; that a certified copy of the order appealed from was transmitted by the County Clerk and filed in this cause by the District Clerk and that said certified copy has been lost or misplaced, and appellants moved and requested the Court to permit them at that time to file a certified copy of said order, and that they had filed and then tendered the certified copy then on file in place of the one lost or misplaced.

The Court heard the evidence on the motion and answered and made and filed findings of fact and conclusions of law thereon.

The findings and conclusions are lengthy and we state briefly only what we deem sufficient to show the fact and conclusion of the Court on the one point at issue.

Before the papers were transmitted to the District Court the deputy County Clerk in charge of the matter of sending the papers necessary to be sent to the District Court inquired of the attorney for appellants as to what papers were proper or necessary to be transmitted, and appellants' attorney directed the deputy County Clerk to send up the original papers only. Acting in accordance with such advice or direction, the deputy County Clerk transmitted the original papers and did not send up a certified copy of the order or decree of the County Court admitting the will to probate, from which decree the appeal in this case is prosecuted.

The District Court found that appellants were negligent in failing to discover the absence from the record of a certified copy of the order or decree admitting the will to probate.

The District Court found that appellees did not intend to and did not waive the filing of the certified copy of the decree in the District Court.

The Court found that appellees' motion to dismiss the appeal should be sustained, and it was so ordered, and the appeal dismissed.

Upon the presentation of the motion and the observance that no certified copy of the decree of the County Court was in the record admitting the will to probate, appellants immediately tendered into court such certified order, but the Court, on objection, refused to permit same to be filed.

We have concluded the Court was in error, and that for such error the case must be reversed and remanded.

■ The case was properly before the Court on appeal. While the law, Article 3702 of the Revised Civil Statutes, 1925, provides that upon the appeal bond being filed the County Clerk shall immediately transmit the original papers to the clerk of the district court, together with the appeal bond, "and a certified copy of the order or decree appealed from on or before" the time prescribed by the Article 3702. The appeal was perfected by filing the appeal bond. We do not regard the transmission and filing of the certified copy of the decree within the time prescribed as above as jurisdictional, that is, as necessary to the jurisdiction of the court to try the case de novo in that court.

The Court was not in error in requiring a certified copy of the decree to be filed, but we think the Court was in error in refusing the tendered copy of the decree to be filed; the certified copy of the decree, as we view it, was the evidence necessary to show the decree of the County Court.

There is no intimation in the record that appellees' interests were impaired or prejudiced by failure to perfect the record by filing the certified copy of the order in the time required. Appellees make no such claim—no delay was occasioned thereby.

■ Where the papers required by the statute to be filed with the district clerk, either party to the litigation, or the court, on its own motion, could have the clerk of the county court to file such paper or papers. Henry v. Bell, Tex.Civ.App., 48 S.W.2d 749, 750.

■ The trial court should have permitted the filing of the certified copy of the decree. As said by Judge Williams, of our Supreme Court, in Royal Ins. Co. v. Texas & G. R. Co., 102 Tex. 306, 116

S.W. 46, "such difficulties ought to be resolved in such way, as far as is reasonable, to preserve rather than defeat the right of appeal."

The case is reversed and remanded.