### PAKAN v. PINKSTON.

No. 14869.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 17, 1947.

Rehearing Denied Nov. 14, 1947.

Leffingwell, Currie & Davis and Ralph W. Currie, all of Dallas, for appellant.

Jack Pinkston, of Dallas, for appellee.

McDONALD, Chief Justice.

On August 4, 1945, appellee Pinkston filed suit against appellant Pakan in a justice court in Dallas County to recover the principal of $137.96 on a promissory note, plus certain collection fees and interest not necessary to describe in detail. The record indicates that Pakan filed a cross-action, the nature of which is not shown. On June 14, 1946, judgment was rendered in the justice court in favor of Pinkston for the sum of $54.53, plus interest from a named date, and costs of suit. On June 18, 1946, Pinkston, the plaintiff, filed in the justice court an exception in writing to the judgment, and gave notice of appeal to the County Court of Dallas County, at Law No. 2. Two days later, on June 20th, Pakan, the defendant, filed in the justice court a writing declaring that he had received the plaintiff's notice of appeal, and further declaring, to quote from the writing, that he "gives notice, in order that there may be no question that the whole case is on appeal, that he appeals from that portion of the judgment denying him relief on cross-action and said appeal runs to the County Court of Dallas County, at Law No. 2." Thereafter the justice of the peace made up a transcript of the proceedings had in his court, bearing his certificate under date of September 19, 1946, which was filed in the said county court on October 5, 1946.

On February 18, 1947, Pinkston, the plaintiff in the justice court action, filed in the county court a pleading styled as Plaintiff's Amended Motion to Dismiss Appeal and for Writ of Procedendo (the date of filing of the original motion is not shown in the transcript before us). The transcript does not show any answer by Pakan to this pleading. Said motion to dismiss the appeal recites (a) that a money judgment was rendered in the justice court on June 14, 1946, in favor of plaintiff against defendant; (b) that no appeal bond was filed with or approved by the justice of the peace within ten days after the rendition of such judgment by either party, and that plaintiff did not perfect an appeal to the county court within said time; (c) that no application for certiorari was filed within ninety days after the date of the justice court judgment; (d) that plaintiff has never perfected an appeal from the justice court judgment, nor has he authorized any one else to perfect an appeal for him; (e) that, instead, the defendant, acting through defendant's attorney of record, procured the preparation of the transcript of the record of the justice court, and transmitted it to the county court more than 100 days after the date of the justice court judgment, without having first filed any bond or other security as required by law for perfecting an appeal; (f) that such a purported attempt by the defendant to perfect an appeal from the justice court to the county court at such a late date could not bestow any jurisdiction on the county court. The prayer of the motion is that the appeal

be dismissed from the docket of the court and that a writ of procedendo issue to the justice court with instructions to the justice of the peace to proceed as though no attempt to appeal had been made.

On March 6, 1947, the county court entered an order which recites that the said motion came on for hearing, that the plaintiff appeared in person and the defendant through his attorney of record, and that both parties announced ready for hearing. No jury having been demanded, the court proceeded to hear the motion, and, to quote from the order, "having heard the said motion, as well as the arguments of the plaintiff, and counsel for defendant thereon, and having understood and considered the same for a sufficient length of time," found that plaintiff's motion was well taken and should be sustained. He then decreed that the motion be in all things sustained, that defendant's attempted appeal be dismissed, that a certified copy of the judgment be transmitted to the justice of the peace, together with the papers sent up by the justice of the peace, and that the justice of the peace proceed with the execution of the judgment rendered in the justice court. Defendant excepted and gave notice of appeal to the Court of Civil Appeals.

■ Appellant, the defendant in the justice court action, has filed in this court a transcript which includes the transcript of the justice court proceedings, but has not filed a statement of facts. He declares that the county court heard no evidence, but appellee declares to the contrary. We will not undertake to decide the appeal upon out-of-the-record statements of the parties, but will decide the case only on what the record before us shows, aided by the presumptions which prevail in favor of the judgment of a trial court when there is no statement of facts filed in this court.

■ Appellee, as plaintiff who obtained only a part of the relief he sought in the justice court, was entitled to appeal to the county court without filing an appeal bond. Edwards v. Morton, 92 Tex. 152, 46, S.W. 792. If he had perfected his appeal by causing a transcript to be filed in the county court, then his appeal would have brought the entire case up to the county court. Lasater v. Streetman, Tex.Civ.App., 154 S.W. 657. In Roberts v. McCamant, 70 Tex. 743, 8 S.W. 543, it is said: "It is held that when an appeal is properly taken from the judgment of a justice's court, that it operates to avoid the judgment, and that a subsequent voluntary dismissal in the county court does not restore it to validity. Bender Bros. v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395. If, however, it be a case which cannot be appealed, or if the law for perfecting appeals be not complied with, we are of opinion that the judgment remains in force, and upon a dismissal by the county court, on the ground that it has not acquired jurisdiction of the case, it is the duty of the justice to issue execution upon the original judgment at the instance of the party in whose favor it is rendered."

We must decide, therefore, whether the record before us shows a case where the appeal was properly taken to the county court, or whether the "law for perfecting appeals" was not complied with, to the extent that the county court did not acquire jurisdiction of the appeal.

In the oft-cited case of Cariker v. Dill, Tex.Civ.App., 140 S.W. 843, 845, it is pointed out that the statutes relating to appeals from justice courts, now Articles 2454 and 2455, Revised Civil Statutes, and Rule 571 et seq., Texas Rules of Civil Procedure, declare that the appeal is perfected by the filing of an appeal bond, but, says the court in its opinion, until the transcript is prepared by the justice of the peace and filed in the county court, "the county court cannot proceed, and we are of the opinion that, whether it is necessary to do this in order 'to perfect the appeal' technically or not, it is necessary in order to properly present the cause in the county court, and that a failure to have this done until after three terms of the county court have elapsed authorizes a dismissal of the appeal. If there is such delay, not explained nor excused, the appeal cannot be said to be properly perfected."

■ It was not, as we have said, necessary for the plaintiff to file a bond, but, in order to properly present the case to the county court and, within the rules above

announced, to perfect the appeal, it was necessary that the transcript be prepared and filed in the county court. Plaintiff declared in his motion to dismiss that he did not cause the transcript to be prepared, nor to be filed in the county court, but that such was the work of the defendant. The defendant filed no denial of this allegation in the county court, nor has he brought to this court any statement of facts showing what, if any, evidence was before the county court with respect to the matter. The general burden rests on the appellant to bring to the appellate court such a record as will affirmatively show error. Appellee declares in his brief that appellant's counsel admitted in open court, in the county court, that it was the defendant who had caused the transcript to be prepared by the justice of the peace and filed in the county court. Appellant has made no denial of this claim in this court. It is obvious, we think, that defendant could not escape the consequences of his failure to file an appeal bond by undertaking to bring the case to the county court as an appeal on behalf of the plaintiff. He was charged with knowledge that plaintiff might abandon his appeal by failing to have the transcript prepared and filed in the county court, and he was chargeable with knowledge that in such event the justice court judgment would remain in effect unless defendant took the required steps to appeal from it. His remedy, if he wished to set the justice court judgment aside, was to file an appeal bond and then complete the appellate procedure by causing the transcript to be prepared and filed in the county court. Otherwise, he took the risk of failure on the part of the plaintiff to take the case on appeal to the county court.

Under the statute in force prior to the adoption of the present rules of civil procedure, the transcript was required to be filed not later than the first day of the second term of the county court next following the date of the justice court judgment. Art. 2459. Rule 574, superseding such statute, provides that the justice of the peace shall immediately make out the transcript and immediately send it to the clerk of the county court. In numerous cases, including Cariker v. Dill, Tex.Civ.

App., 140 S.W. 843, and Houston & T. C. R. Co. v. Aycock, Tex.Civ.App., 201 S.W. 664, it is held that it is the duty of the person prosecuting the appeal to see that the transcript is sent up in accordance with statutory requirements, and that the county court may in a proper case dismiss the appeal where there has been a negligent failure of the appealing party to do this. If we grant that we should presume that the plaintiff filed the transcript because of the failure of the record before us to show affirmatively who did file it, or if we should say that defendant might, under the circumstances above shown, bring up the transcript upon failure of the plaintiff to do so, even though defendant had not filed an appeal bond, we still should be compelled to hold that the record before us does not show an abuse of discretion on the part of the county court in dismissing the appeal as not being perfected according to law where the transcript had been filed in the county court more than 100 days after the date of the justice court judgment, with no excuse shown in the record for the late filing.

The judgment of the trial court is affirmed.