**CALLAHAN v. STOVER et al.**

No. 4864.

Court of Civil Appeals of Texas.
Beaumont.

Dec. 3, 1953.

Rehearing Denied Dec. 30, 1953.

632

Orgain, Bell & Tucker, Beaumont, for appellant.

Andrew Campbell, Port Arthur, Floyd McGown, Jr., San Antonio, Gordon Hollon, Boerne, for appellee.

ANDERSON, Justice.

The appeal is from a judgment of the district court of the 58th Judicial District, Jefferson County, rendered on a jury's verdict, denying probate to a will of A. H. Callahan, deceased. Appellant, Mrs. A. H. Callahan, who will be referred to as proponent, is the widow of the decedent, and is named in the will as independent executrix. Appellees, Mrs. Eloise Stover and her husband, R. J. Stover, will be referred to as contestants. Mrs. Stover is a daughter of the decedent by a marriage that preceded decedent's marriage to the proponent. The only ground on which proponent's application for probate and for letters testamentary was contested was that the tendered will had been revoked by a later written will which contestants were unable to produce in court. The issue of revocation was

submitted to the jury, and was answered favorably to the contestants.

Mrs. Stover contested proponent's application in the county court, and participated in the hearing had thereon. She was not joined by her husband in any of the proceedings until after the case had been filed in the district court. By its order or decree made and entered on September 25, 1951, the county court of Jefferson County admitted the will to probate. Mrs. Stover gave notice of appeal, and on October 9, 1951, filed her appeal bond, duly approved, with the county clerk. The appeal, however, was not filed in the district court until January 12, 1952, on which date the original papers, together with the appeal bond and a certified copy of the order or judgment of the county court admitting the will to probate, were delivered to and filed with the clerk of the district court.

Proponent filed and presented in the district court a motion to dismiss the appeal, the grounds therefor being that the transcript from the county court had not been filed in the district court within the time prescribed by law, and that the district court was therefore without jurisdiction to entertain the appeal. The motion, which was neither filed nor presented in the district court until after the jury had returned its verdict, was overruled; and such ruling of the trial court is now assigned as error.

Fully realizing that our holding is at variance with the holdings of our courts before our present Rules of Civil Procedure were in effect, we have concluded that the motion should have been granted and the appeal dismissed.

The right to appeal to a district court from decisions, orders, decrees or judgments of a county court in matters of probate pertaining to the estates of decedents is conferred by article 3698, Rev.Civ.Stat., which, in pertinent part, is as follows: "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying

with the provisions of this chapter; * *."

▓ After Article 3698 had been enacted, the procedural statutes with which it contemplated there · should be ·compliance in order to appeal to the district court were repealed by the legislative enactment which conferred on and relinquished to the Supreme Court full rule-making power in civil judicial proceedings, Acts 1939, 46th Leg., p. 201, sec. 1, Art. 1731a, Vernon's Ann. Civ.St.; and procedural rules have been adopted and promulgated in their stead by the Supreme 'Court. Therefore, ıArticle 3698 must now be construed as if it provided. for appeals upon compliance with the applicable rules of civil procedure, and these rules must be looked to in order to determine whether or not an appeal to the district court has been properly taken in this kind of case.

The civil district courts of Jefferson County are now governed by the rules of practice and procedure prescribed by Rule 330, Texas Rules of 'Civil Procedure. This rule, in material part, is as follows:

"The following rules of practice and procedure shall govern and be followed in all civil actions in district courts . (of the classification which includes those in Jefferson County).

"(a) Appealed ıCases.

"In cases appealed to said district ıcourts from inferior courts, the appeal, including transcript, shall be filed in the district court within thirty (30) days after the rendition of the judgment or order appealed from, and the appellee shall enter his appearance on the docket or answer to said appeal on or before ten o'clock a. m. of the Monday next after the expiration· of twenty (20) days from the date the appeal is filed in the district court."

Before the foregoing rule became effective on September 1, 1941, district courts of classifications comparable to those now specified in the rule were governed by the rules of practice and procedure prescribed by Art. 2092, Rev.Civ.Stat., subdivision 13 of which was identical with Rule 330(a), as above quoted. The question of a district court's jurisdiction under that statute to entertain an appeal from a probate order of a county court where ·the appeal was not filed in the district court within thirty days after rendition of the order appealed from was before the Supreme Court in the case of Stewart v. Moore, 291 S.W. 886, 891. The Commission of Appeals (Section B); in an opinion which was expressly approved by the Supreme Court, there held that the district court had erred in dismissing the appeal, as for want of jurisdiction, merely because there had been a tardy filing of the appeal in the district court. The following quotation from the opinion in that case sufficiently reflects the factual background of the appeal, and contains the essence of the court's discussion of the question that was before it:

"It is apparent from the record in this cause that the plaintiffs in error filed their appeal bond, duly approved, within the time prescribed by law. This admitted fact divested the county court of Tarrant county of all jurisdiction over the case. 'When the county court was thus deprived of its jurisdiction eo instanter, the district court was invested with jurisdiction over the case. Within the time prescribed by law, which is 30 days, the duty alone rested upon the clerk of the county court to transmit the original papers, together with a certified copy of the order of the county court from which the appeal was taken, to the clerk of the district court, whose duty it was to file the papers and docket the cause. The law presumes, until the contrary is shown, that every official will discharge the duties imposed upon him as such by the law. In the absence of affirmative proof that an official does not intend to perform his duty, none rested upon the parties· to compel him to do so by making an application for a mandamus under proper authority. After an official has in fact failed to. perform his duty, there then rested upon any one interested in the subject-matter a duty

to proceed by the proper legal methods to compel the derelict official to do what the law required of him in the premises. Just when a party to a litigation thus situated has lost his right to prosecute his appeal in the appellate court is a fact which must be determined by the court having jurisdiction, which in this case we hold to be the district court, by reason of the fact that the bond provided by law was filed within the time prescribed by the statute, the legal effect of which was to give the district court jurisdiction of the case.

"The determination of this fact is not within the jurisdiction of the Supreme. Court, and no issue of fact was made in the district court nor in the Court of Civil Appeals, but the issue made by the pleadings was determined purely, solely, and alone upon the proposition alleged by the defendants in error that the district court had no jurisdiction of the subject-matter by reason of the mere fact that the clerk had not filed the papers, together with certified copy of the order of the county court, within 30 days from the time the order was entered.

"The district court having reached the conclusion that it had no jurisdiction because of this particular fact, and the Court of Civil Appeals having affirmed the judgment of the district court upon that question alone, there being no issue of negligence on the part of the plaintiffs in error raised in the pleadings nor in the testimony, we are of the opinion that the Court of Civil Appeals erred in affirming the judgment of the district court, and we therefore recommend that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, and that of the district court, be reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion."

▮ It is to be noted, however, that at the time the foregoing case was decided,

there was in effect in this state neither a court rule nor a statute comparable to that portion of Rule 5, T.R.C.P., which provides that our courts *"may not enlarge* the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or *the period for taking an appeal or writ of error from the trial court to any higher court* or the period for application for writ of error in the Supreme Court, *except as stated in the rules relating thereto."* It is necessary, therefore, that we re-examine the question that was decided in Stewart v. Moore, supra, and that we now construe Rule 330(a) in the light of and together with this prohibitory provision of Rule 5.

▮ While it is true, as a general proposition, that such of the rules as are but re-enactments of pre-existing statutes will be given the same construction as had been given to the statutes they re-enacted, State ex rel. Crawford v. Wagner, Tex.Civ. App., 203 S.W.2d 795, err. ref., Gilbert v. Lobley, Tex.Civ.App., 214 S.W.2d 646, such is not true of those rules or parts thereof to which the prohibitory provision of Rule 5 is applicable. The Supreme Court has consistently held that where Rule 5 prohibits enlargement of the period within which, under other applicable rules, a particular thing is required or permitted to be done, our courts are now without authority or power, except as granted by the rules relating thereto, to enlarge such period, even though, before adoption of Rule 5, they had been consistently recognized as having such power under statutes which have been brought forward into the rules. Reynolds v. Dallas County, 146 Tex. 372, 207 S.W.2d 362; A. F. Jones & Sons v. Republic Supply Co., Tex.Sup., 246 S.W.2d 853. See, also, State ex rel. Crawford v. Wagner, supra. Therefore, the construction that was placed on Article 2092(13) in the case of Stewart v. Moore, supra, constitutes no bar to our placing a different construction on Rule 330(a) if, as we have concluded, a different construction thereof is made necessary by Rule 5.

"It is settled that the district court's jurisdiction over probate proceedings had in the administration of the estate of deceased persons is appellate only." Dunaway v. Easter, 133 Tex. 309, 129 S.W. 2d 286, 288. It is equally well settled, we think, that the filing in the appellate court of the appeal and the prescribed transcript has all along been necessary under normal circumstances to the successful prosecution of appeals from county to district courts and from justices' to county courts, both under the existing Rules and under the pre-existing statutes re-enacted by them. Hoefling v. Esser's Estate, Tex.Civ.App., 46 S.W. 294, writ refused; Pena v. Sepulveda, Tex.Civ.App., 122 S.W.2d 256; Wells v. Driskell, 105 Tex. 77, 145 S.W. 333; Pakan v. Pinkston, Tex.Civ.App., 205 S.W. 2d 650; Cariker v. Dill, Tex.Civ.App., 140 S.W. 843; Houston & T. C. Ry. Co. v. Aycock, Tex.Civ.App., 201 S.W. 664. This is and has been true despite the fact that, as was held in Stewart v. Moore, supra, the timely filing of a proper and approved appeal bond has, and has had, the effect of divesting the lower court of jurisdiction eo instanter and of investing the appellate court with jurisdiction over the case.

In Wells v. Driskell, supra [105 Tex. 77, 145 S.W. 335], the Supreme Court subscribed to the theory that "the purpose of the transcript from the justice's court is to *show*, not to *give*, jurisdiction to the appellate court", but went on to say: "We think the purpose of the Legislature in requiring the making, certifying, and filing of a transcript of the proceedings had in the justice's court was to furnish the proper evidence to the appellate court of its jurisdiction, and that such mode of proof of that fact should be pursued by the appellant, where practicable. * * * We do not wish to be understood as holding that it is only necessary in case of an appeal from justices' courts to file an appeal bond and send up that with the original papers, without a proper transcript of the proceedings; but we do think that, where it is not possible or practicable to procure a transcript, as required by the statute, that fact will not of itself deprive a party appealing of his

right of appeal. Under such circumstances, he may show by other means than the transcript that the justice of the peace had original jurisdiction of the cause of action, and that the appellate court has jurisdiction to try the cause de novo. * * * In so far as the Court of Civil Appeals in the case certified to this court held that, in order to show affirmatively that it had jurisdiction of the case, it was essential that the transcript in that court should contain the transcript from the justice's court to the county or district court, we think the decision of the Court of Civil Appeals correct, and would answer the question in the affirmative, if it were not for the fact that we are confronted with another proposition which forces us, for a different reason, to hold that the Court of Civil Appeals erred in dismissing the appeal in this case." The reason it was held the Court of Civil Appeals had erred in dismissing the appeal on its own motion was that under the court rules then in effect, the appellant should have first been given an opportunity to correct the transcript in that court so as to show, if he could, that a proper transcript of proceedings in the justice's court had been filed in the intermediate court. In Pena v. Sepulveda, supra [122 S.W.2d 257], it was said: "'All the original papers in the proceedings' in the probate court must have been filed in the District Court in order to invoke the jurisdiction of that court, Art. 3702, R.S.1925, and must then have been incorporated in the transcript from the District Court to this court in order to confer jurisdiction upon this court. * * * In the absence of the record of the probate court, and of a good bond, the District Court acquired no jurisdiction of the attempted appeal, and the District Court being without jurisdiction, this court [Court of Civil Appeals] can acquire none." The same question was treated of in Cariker v. Dill [140 S.W. 845] as follows: "The statute (article 1670, R.S.1895) provides that when the appeal bond is approved and filed with the justice of the peace the appeal is thereby perfected. Another article (article 1672) provides that when the bond is approved and filed 'and

the previous requirements of this chapter are complied with' the appeal shall be held to be perfected. One of the requirements of the statute is that the justice of the peace must immediately make out a true and correct copy of all entries made on his docket in the cause and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs and all original papers, to the clerk of the county court. Article 1673. It is further provided (article 1674) that this transcript must be so transmitted, if practicable, on or before the first day of the next succeeding term of the county court, or, if not so practicable, on or before the first day of the second term. It is clearly the duty of the person prosecuting such appeal to see that this is done. Until it is done, the county court cannot proceed, and we are of the opinion that, whether it is necessary to do this in order 'to perfect the appeal' technically or not, it is necessary in order to properly present the cause in the county court, and that a failure to have this done until after three terms of the county court have elapsed authorizes a dismissal of the appeal. If there is such delay, not explained nor excused, the appeal cannot be said to be properly perfected. It was held in Wells v. Driskell, Tex.Civ.App., 131 S. W. 87, also in [Gulf, C. & S. F.] Railway [Co.] v. Conerty, 4 Willson, Civ.Cas.Ct. App. § 207, 15 S.W. 504, that in such case the county court did not have jurisdiction of the cause, and that it was proper to dismiss the appeal for want of jurisdiction." The necessity that the appeal and transcript be filed in the district court, and that even a late filing thereof might in some circumstances defeat one's right of appeal, was also impliedly recognized by the Commission of Appeals in Stewart v. Moore, supra [291 S.W. 891]; in the following language: "Just when a party to a litigation thus situated [transcript filed late] has lost his right to prosecute his appeal in the appellate court is a fact which must be determined by the court having jurisdiction, which in this case we hold to be the district court, by reason of the fact that the bond provided by law was filed within the time prescribed by the statute, the legal effect of which was to give the district court jurisdiction of the case.".

We have no doubt, therefore, that in this kind of case the filing in the district court of the "appeal, including transcript," as provided in Rule 330(a), is an essential element of "taking an appeal" from the county or "trial" court to the "higher," district court, within the contemplation of Rule 5. It follows necessarily, we think, that the period within which Rule 330(a) prescribes that "the appeal, including transcript, shall be filed in the district court" is one of the periods which Rule 5 prohibits enlargement of. In other words, we are of the opinion that Rule 5 has had the effect of making mandatory and jurisdictional the provision of Rule 330(a) regarding the filing of the appeal and transcript, whereas in statutory form, and before adoption of Rule 5, the same provision was construed as being directory only.

Unless such an effect is given to Rule 5, the rule's provision that our courts "may not enlarge * * * the period for taking an appeal * * * from the trial court to any higher court * * * except as stated in the rules relating thereto" is without practical effect in appeals from county to district courts; because it has always been mandatory and jurisdictional, insofar as we are aware, that the appeal bond (where required) or affidavit in lieu thereof be filed in cases of this kind within the time prescribed by the applicable statutes or rules, and, aside from the filing of the appeal and transcript in the district court, the filing of such bond or affidavit is all that is or has been necessary to perfect an appeal of this kind. We are not to suppose that in adopting such provision of the rule the Supreme Court employed language which clearly embraces appeals of this kind without intending that language to do so; nor are we to suppose the court acted without purpose. There is hardly any escape, therefore, from the conclusion that it intended that the rule should be given the construction and application that is herein given it.

The foregoing conclusion is also invited by the fact that in adopting Rule 334, T.R. C.P., the Supreme Court omitted therefrom a provision which as a part of the rule's source-statute, Art. 3702, had been a tacit invitation to county clerks to procrastinate in transmitting records to district clerks, and which the Supreme Court had itself construed as an indication that the Legislature had not intended that the time of transmittal and of filing in the district court should be of the essence in appeals of this kind, Ball, Hutchings & Co. v. Lowell, 56 Tex. 579: the provision that the county clerk should transmit the original papers, etc., to the clerk of the district court "on or before the first day of the next term of such court, if possible, otherwise to the next succeeding term thereof." Rule 334, supra, contains no reference to terms of court, but provides: "Upon such appeal bond or affidavit being filed with the county clerk, or upon the overruling of the contest, if one is filed, he shall immediately transmit all the original papers in said proceedings to the clerk of the district court together with the appeal bond or affidavit and a certified copy of the order or decree appealed from, and the district clerk shall immediately file and docket the cause in the district court." Furthermore, the construction herein given Rule 5 is in line with and helps effectuate what the Supreme Court has declared to be one of the general purposes of the Texas Rules of Civil Procedure: that of expediting "a prompt and final disposition of cases". Reynolds v. Dallas County, supra [146 Tex. 372, 207 S.W.2d 364].

▮ Having concluded, as already stated, that the provision of Rule 330(a) which requires that the appeal and transcript be filed in the district court within thirty days after rendition of the judgment or order appealed from is mandatory or jurisdictional, and since the rule contains no provision for an enlargement of such period, we are of the opinion that in the case at bar Mrs. Stover, sole contestant in the county court, lost her right to prosecute her appeal in the district court, and that the district court's jurisdiction of the appeal automatically terminated, at the expiration of thirty days after rendition in the county court of the order admitting the will to probate; none of the papers in the cause, the appeal bond, nor a certified copy of the order appealed from having been transmitted to or filed by the district clerk within such period of thirty days. Being without jurisdiction, the district court was without power to proceed to a valid trial de novo of the merits of the case, and should have dismissed the appeal at whatever stage of the proceedings the matter was brought to its attention.

The fact that the district court did entertain the appeal and proceed to a trial of the case on its merits does not alter the situation. This would be but an indirect way of enlarging the period within which Rule 330(a) requires that the appeal and transcript be filed in the district court; and since, as aforesaid, the rule itself contains no provision for enlargement of such period, the district court was without power to enlarge it, either directly or indirectly. Nor does the fact that the case proceeded to trial in the district court without objection by any of the parties alter the situation, because in such circumstances jurisdiction of the subject matter cannot be conferred on the district court by consent of the litigants, either express or implied. 11 Tex.Jur. 715.

Both the question of a court's power to enlarge the period for taking an appeal where no provision for enlargement is contained in the rules relating thereto, and the question of whether the filing of the transcript in the Court of Civil Appeals is a part of "taking an appeal" to that court within the contemplation of Rule 5, was before the court in State ex rel. Crawford v. Wagner, supra [203 S.W.2d 799], err. ref., from which opinion we quote the following: "As we interpret the Rules of Civil Procedure, Rule 437 provides that we can make no 'enlargement of time prohibited by Rule 5,' and Rule 5 provides that we 'may not enlarge the period * * * for taking an appeal * * * from the trial court to any higher court * * * except as stated in the rules relating thereto.'

Rule 384 relates to the period for the taking of an appeal from the trial court to the Court of Civil Appeals in quo warranto proceedings [in pertinent part it provided that transcript and statement of facts be filed in the 'Court of Civil Appeals within 20 days], and does not contain any provision for an enlargement of such period upon motion timely made, or otherwise. We are, therefore, without power to grant appellants' motion."

The function of the transcript in appeals from district courts to Courts of Civil Appeals is similar to that of the transcript in appeals from county to district courts, if not the same, and we consider the decision in the foregoing case virtually conclusive on the questions before us in the case at bar.

In reaching the foregoing conclusions, we have not been unmindful of the fact that Rule 334, supra, says that the county clerk shall transmit the papers, etc., to the district clerk, nor of the fact that in Stewart v. Moore, supra, the Commission of Appeals said that "within the time prescribed by law, which is 30 days, the duty alone rested upon the clerk of the county court to transmit the original papers * * to the clerk of the district court," nor of the fact that in other cases dealing with the same or similar subject matter our courts have expressed reluctance to see one's right of appeal defeated by what they have referred to as the negligence of a third party. These considerations, however, do not alter the fact that under our interpretation of Rule 330(a) and Rule 5 the appeal and transcript must be filed in the district court within the period prescribed by Rule 330(a).

 While it may be primarily the duty of the county clerk to prepare and transmit the proper papers to the district clerk, and of the latter to file them and to docket the cause in the district court, the appellant is not without responsibility in the matter. In the case of In re Ritchie's Estate, Tex.Civ.App., 133 S.W.2d 591, 593, it was said: "Undoubtedly, the duty rests upon a party appealing from an order of the probate court to see to it that the clerk of that court timely prepares and forwards the record to the district court, and in a case where the clerk delays without good cause, or refuses, to perform that duty, the burden rests upon the party appealing to resort to mandamus, if necessary, to require the clerk to act." In speaking of the appellant's duty regarding the transcript in an appeal from a justice's court to county court, the Supreme Court, in Wells v. Driskell, supra [105 Tex. 77, 145 S.W. 335], said: "He should use diligence to procure such transcript and have it filed at such time, as required by law." The question, as well as the reason back of the rule, was dealt with thus at length in Missouri, K. & T. Ry. Co. of Texas v. Bland, 55 Tex. Civ.App. 382, 119 S.W. 911, 912: "Before any court can be required to exercise its functions, it must be made to appear that it has jurisdiction of the subject-matter, and the burden rests upon one of the litigants to make that appear. When it is sought to transfer a case from one court to another by an appeal, or other authorized procedure, the burden rests upon the party against whom the judgment stands in the lower court, and who is seeking to avoid it by appeal to a higher court, to see to it that everything is done which is necessary to make it affirmatively appear that the higher court has jurisdiction of the case. * * * The source of such information prescribed by law is a transcript of the proceedings had in the justice's court, and the burden rested upon appellant to cause such transcript to be filed. It was not only required to perform that duty, but it was required to exercise proper diligence in order to prevent unnecessary delay." See also: Houston & T. C. Ry. Co. v. Aycock, supra; Cariker v. Dill, supra; Hoefling v. Esser's Estate, supra; Pakan v. Pinkston, supra. It is to be presumed that where appellants use due diligence to see that the officers perform the duties imposed on them by the rules, the officers will not be remiss in doing so.

Appellee cites us to the cases of Timon v. Dolan, Tex.Civ.App., 244 S.W.2d 987, err. ref. n.r.e., and Kuykendall v. Gill, Tex.

Civ.App., 131 S.W.2d 249, err. dis., as authority for the proposition that the case at bar was properly before the district court for trial. The Kuykendall case was decided in 1939, before the Texas Rules of Civil Procedure were adopted, and can therefore have no controlling effect. In Timon v. Dolan, which was a proceeding in guardianship, a record, though an imperfect one, was filed in the district court within the time prescribed by the rules, and the court held that under Rule 437 the district court should not have dismissed the appeal without first allowing the appellant a reasonable time within which to perfect the record. No such state of facts is presented by the case at bar.

It follows from what has been said that for the error of the district court in denying appellants' motion to dismiss the appeal from the county court the judgment of the district court must be reversed and the cause remanded, with instruction that the appeal from the county court to the district court be dismissed. We deem it unnecessary, in view of this disposition of the appeal, to pass upon appellant's other assignments.

Reversed and remanded, with instructions.