Rhyne F. BUFORD et al., Appellants,

v.

R. B. BALDWIN et al., Appellees.

No. 6865.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 2, 1956.

Shelburne H. Glover, Texarkana, Shaver, Tackett & Jones, Texarkana, Ark., for appellants.

Brown & Brown, Texarkana, Will Steel, Texarkana, Ark., for appellees.

DAVIS, Justice.

Allie Rhyne died, testate, February 23, 1954, in Bowie County, Texas. Her will was admitted to probate on March 29, 1954. Ethel O. Fawcett and John F. Rhyne were named principal beneficiaries in the will, and R. B. Baldwin was appointed independent executor of said will. On April 30, 1954, Rhyne F. Buford and all the other heirs of Allie Rhyne, deceased, filed in the County Court what they designated a petition to contest the will of Allie Rhyne, but which was in truth and in fact a petition to set aside the order admitting the will to probate upon the alleged grounds that at the time of the execution of said will Allie Rhyne did not have mental capacity to make a will; and in the alternative, that Allie Rhyne executed said will as the result of undue influence exercised over her by Ethel Fawcett and John F. Rhyne.

The petition to set aside the will was contested by the independent executor and principal beneficiaries in the County Court. On September 9, 1954, a judgment was entered by the County Court denying the relief prayed for by the plaintiffs, appellants here. Rhyne F. Buford and the other plaintiffs in the County Court gave notice of appeal and filed an appeal bond in the County Court which was approved and filed on September 13, 1954.

The transcript here does not reveal that the original papers in the case that were filed in the County Court were ever filed by the Clerk of the District Court. Neither does the transcript contain a certified copy of the judgment of the County Court from which an appeal was attempted as required by Rule 334, Texas Rules of Civil Procedure. There is no form of certificate or transcript in the record of any of the proceedings had in the County Court as required by the Rules in perfecting appeals from either the Justice Court to the County Court or from the County Court to the District Court.

At the time this case was submitted and argued in this Court on the 12th day of January, 1956, this condition of the record

was called to the attention of the attorneys for both sides in open court; especially to the attention of counsel for appellants, with the instruction that if the appeal had been properly perfected from the County Court to the District Court, they would be given 10 days from that date in which to file a supplemental transcript to perfect the record and show that the District Court had jurisdiction of the case at the time of the trial in the District Court, which trial commenced on the 2nd day of May, 1955, and the verdict of the jury returned on the 7th day of May, 1955. There has been no supplemental transcript filed prior to this date.

■ In view of the state of the record, we have concluded that the District Court did not have jurisdiction in the case except to dismiss the appeal, and that this Court has no jurisdiction except to set aside the judgment of the District Court and remand the case to that court with instructions to dismiss the appeal.

Although the District Court of Bowie County is not governed by Rule 330a, T.R.C.P., we think that the failure to see that the record on appeal from the County Court to the District Court was properly perfected within a reasonable time after September 9, 1954, as required by Rule 334, T.R.C.P., brings this case clearly within the purview of the decision of the Beaumont Court of Civil Appeals in the case of Callahan v. Stover, 263 S.W.2d 630, error refused, because no showing was made upon the trial of this case as late as May 5, 1955, why the appeal had not been perfected in compliance with Rule 334, T.R.C.P.

We do not think anything could be added to the able discussion of Mr. Justice Anderson on the question involved here under the rules promulgated by the Supreme Court as authorized by the 46th Legislature, 1939.

■ Irrespective of jurisdiction, we have examined the record and have concluded that there is no evidence of any probative force that would have the slightest tendency to establish either mental incapacity or undue influence at or within a reasonable proximity of the time of execution of the will sought to be set aside. We have recently had the question of the sufficiency of evidence to show mental incapacity before this Court and the rule of evidence in such cases had been ably discussed by Mr. Chief Justice Hall in the Case of Smith v. Welch, Tex.Civ.App., 285 S.W.2d 823.

Without detailing the evidence, the appellees offered more than 50 witnesses whose veracity and integrity were unchallenged, who testified as to the mental alertness of the deceased at or about the time of the execution of the will, as well as her personal supervision of her business affairs and independence in looking after and supervising them. She looked after her financial affairs, including the renting out and collecting the rents from quite a bit of rent property, as well as having the same kept in a good state of repair up until either the day or the day before she suffered a heart attack from which she died.

We think the verdict of the jury that was returned in this case was the only one that would have found support in the evidence. If we had jurisdiction of the cause, we would overrule each of the points of error assigned by the appellants and affirm the judgment of the trial court.

■■ We will state further that very little, if any, of the testimony offered by appellants was admissible. If proper objections had been made at the time it was offered, the objections should have been sustained. If a showing of either mental incapacity or undue influence at or about the time of the execution of the will had been made, then some of the testimony might have become admissible to corroborate such proof, or to impeach the testimony of an adverse witness. But a proper predicate must first be laid before remote testimony would be admissible either to corroborate or to impeach. We realize that the plaintiff must be given some leeway in beginning to prove his case in such instances as here; but things said and done from one to more than 20 years before a will was executed is entirely too remote to show either mental

incapacity or undue influence at or about the time of the execution of the will.

Having concluded that the District Court had no jurisdiction of the appeal from the County Court, which automatically defeats the jurisdiction of this Court, the judgment of the District Court is set aside and the case is remanded to the District Court with instructions to dismiss the appeal from the County Court.