## HENRY v. BELL et al.
### No. 3794.

Court of Civil Appeals of Texas. Amarillo.
April 13, 1932.

H. D. Payne, of Floydada, and L. C. Penry, of Fort Worth, for appellant.

L. G. Mathews, of Floydada, for appellees.

JACKSON, J.

This is an appeal by F. P. Henry, administrator of the estate of J. A. Burrus, deceased, from a judgment of the district court of Floyd county, rendered in a trial de novo, affirming the judgment of the county court of said county, adjudging that Fred Bell, the appellee herein, was not liable for his pro rata part of the expenses of the administration of said estate.

The record shows: That J. A. Burrus died intestate on March 10, 1930, leaving as his estate one-half of the community property of himself and wife, Maude Burrus, which consisted both of personal property and real estate. That thereafter, on March 19, 1930, Maude Burrus was appointed temporary ad-

ministratrix of said estate, and appraisers were appointed to report to the court the value of said estate. The court determined that a part of the assets of the estate consisted of a plant for the manufacture and sale of soft drinks, a going business concern, and that it was necessary for the best interests of the estate that the business be carried on pending administration. In pursuance of this order, the temporary administratrix continued the business as directed by the court until the 18th day of June, 1930, at which time she made a complete report of all transactions had by her in the management of said estate, including all moneys received and paid out. This report was approved, and on the same day the temporary administratrix waived her right to be appointed permanent administratrix, and F. P. Henry was appointed by the court as permanent administrator of the estate with authority to continue the business. That there were several lien creditors, among whom was the appellee, who held a valid chattel mortgage on the factory or bottling works for the manufacture of soft drinks, to secure the payment of $2,500, the amount the estate was indebted to him. That in November, 1930, appellee made application to the probate court to have the administrator sell the property covered by his chattel mortgage, or so much thereof as was necessary, to pay his indebtedness. That his claim was approved by the administrator and the county judge, and the administrator directed to sell at public sale, for cash, after due notice, the property covered by the mortgage and apply the proceeds thereof, or so much thereof as was necessary, to the payment of the indebtedness due by the estate to appellee. In the event the property was bid in by appellee, the amount of his bid, if less than the amount of his total claim, should be credited on the amount of his indebtedness and the title properly vested in him.

The sale was made; appellee became the purchaser for the sum of $1,275, that being the highest and best bid. The administrator made his report to the court showing the sale of real estate and the other transactions of his administration, together with the sale of the chattels covered by his mortgage to appellee. In his report he represented that all of the property of the estate was incumbered with liens in excess of its probable value; that the estate was insolvent; made an itemized statement of the receipts and disbursements showing that the unpaid expenses of the administration was approximately the sum of $1,300, and estimated that expenses thereafter incurred would be approximately $1,000; and prayed that, if the sale to appellee was approved and the amount of his bid credited on his claim against the estate, he be required to pay the sum of $300 as his

estimated pro rata of the expenses of the administration.

The sale, with the other transactions reported, was approved by the court, the amount of appellee's bid credited on his claim against the estate, and the balance thereof filed as a fourth class claim, but the court adjudged that Fred Bell was not liable for his pro rata part of the cost and expenses of the administration, from which action of the court the administrator appealed to the district court, where trial was had de novo and the judgment of the county court affirmed.

The record shows that the other lien creditors paid their pro rata portion of the expenses of the administration by agreement.

In addition to the above facts, it was shown in the district court that there was no unincumbered property belonging to the estate, either personal property or real estate; that the funeral expenses and the expenses of the last sickness had been paid; that the administrator had paid out the moneys as disclosed in his report to the probate court; that the other lien creditors had paid their pro rata part of the expenses of the administration; that the amounts so paid by such creditors, together with the amount of such expenses paid out of the estate, were insufficient to pay the expenses of the administration; and that there was no money or property belonging to the estate with which to pay the unpaid balance of such expenses.

■ The appellee's claim, though secured by a chattel mortgage, was subordinate to the expenses of the last sickness and funeral expenses, to the allowance for the widow and minor children (however, in this case none appears to have been made), and also to legitimate expenses incurred in the administration of the estate. 14 Tex. Jur. 162, 163, and authorities cited; articles 3531 and 3691, R. C. S.

Manifestly, under this record, the appellee was liable for his pro rata part of the expenses of the administration. The judgment of the district court recites that the parties appeared, announced ready for trial, stated that there were no pleadings other than the transcript from the lower court, that a jury was waived, and the court, after considering the transcript and the evidence, was of the opinion that the pleadings and evidence were insufficient to authorize a judgment in favor of the appellant as administrator against appellee.

The record discloses that the appellee appeared and contested the case in the trial de novo before the district court, but filed no pleadings of any kind. On what theory the court held the pleadings were insufficient is not disclosed, possibly because the original papers had not been sent from the county court to the district court by the clerk, all of which, however, together with the certified copy of the judgment of the probate court, was contained in the transcript of the proceedings of the probate court.

■ It is true that article 3702 now provides that the county clerk shall immediately transmit the original papers of the proceedings in the county court to the clerk of the district court with the appeal bond or affidavit and a certified copy of the decree appealed from. If the original papers were not furnished to the district court, there is no intimation in this record that the appellee was prejudiced thereby. Under the statute existing prior to the enactment of article 3702, the clerk was required to make a transcript of the proceedings and forward to the clerk of the district court, and in our opinion it was the purpose of the Legislature in changing the statute so as to require the original papers to be forwarded to save the time and expense of making a transcript. Either party to this litigation, or the court on its own motion, could have required the county clerk to have performed his duty by forwarding the original papers to the district clerk, and his failure to do so would not, in our opinion, defeat the rights of an appellant. The court erred in holding that the pleadings were insufficient.

It is obvious from this record that the case was not fully developed on the trial in the district court, as the testimony as to the reasonable amount that appellee should pay as his pro rata part of the expenses of the administration is indefinite, uncertain, and unsatisfactory, all of which can doubtless be corrected on another trial.

The judgment is reversed, and the cause remanded.