## TIMON v. DOLAN et al.

## In re TIMON'S GUARDIANSHIP.

No. 12312.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 21, 1951.

Rehearing Denied Jan. 9, 1952.

See also 244 S.W.2d 985.

Jerry D'Unger, Patrick J. Horkin, Jr., Corpus Christi, for appellant.

B. D. Tarlton, Allen Wood, Marshall Boykin, Corpus Christi, Raymond Edwards, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This is an appeal from an order entered in the 94th District Court of Nueces County on the 24th day of March, 1951, dismissing an appeal by Mrs. Bessie Timon from a judgment of the county court declaring Walter F. Timon to be of sound mind and refusing Mrs. Timon's application for letters of guardianship of the person and estate of her husband, Walter F. Timon.

On June 19, 1950, Mrs. Bessie Timon filed an application in the County Court of Nueces County seeking to have her husband, Walter F. Timon, declared to be a person of unsound mind and to have a guardian appointed of his person and estate. On June 30, 1950, the County Judge appointed the Guaranty Title and Trust Company of Nueces County receiver of the estate of Walter F. Timon pending a hearing upon the application for guardianship.

On December 11, 1950, a jury trial was had, and based upon the verdict of the jury, judgment was entered declaring Walter F. Timon to be of sound mind and refusing the appointment of a guardian. On that date notice of appeal was given by Mrs. Bessie Timon to the District Court of Nueces County, and on December 19, 1950, a record was filed with the District Clerk of Nueces County of all the original papers filed in the County Court. On March 26, 1951, a motion was filed on behalf of Walter F. Timon, Dudley Timon and Laura T. Dolan, appellees herein, seeking to have the appeal dismissed because a transcript of the proceedings in the County Court, as required by Rule 337 of the Texas Rules of Civil Procedure, had not been filed with the District Clerk of Nueces County. The trial court, after a brief hearing, sustained the motion and dismissed the appeal, from which order this appeal has been prosecuted.

We are of the opinion that the trial court erred in sustaining the motion to dismiss without allowing the appellant a reasonable time within which to have corrected the error pointed out in the motion to dismiss. Where notice of appeal is given in a guardianship proceeding, Rule 337 makes it the duty of the county clerk to make out a certified transcript of the proceedings and send it to the district clerk of the county. This the clerk did not do, but apparently followed the provisions of Rule 334, Texas Rules of Civil Procedure, which relates to appeals involving the estates of decedents, and sent up the original papers as is required by that rule. The clerk testified that the reason he sent up the original papers rather than the transcript was that he was requested to do so by appellant's attorneys. Regardless of whether it was the fault of the clerk or the fault of the attorneys for appellant, it is apparent that Rule 337 was not complied with, but that rather the procedure provided for in Rule 334 was followed. It is also clear that the trial judge had before him everything which he would have had had the transcript been sent to him. The only difference being that he had before him the original papers instead of a

certified transcript of same. This was such an error as could easily have been corrected and the appellant should have been given a reasonable time to correct the record after it was called to her attention by the motion to dismiss.

When appellant gave notice of appeal in due time in the probate court, the appeal was perfected regardless of whether a correct record was filed with the district court. Kahn v. Israelson, 62 Tex. 221; Rule 336, Texas Rules of Civil Procedure. The appeal having been perfected, the District Court of Nueces County acquired jurisdiction of the cause. Rule 437, Texas Rules of Civil Procedure, provides that "A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, * * *."

Chief Justice Alexander, speaking for the Supreme Court of Texas, in Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W. 2d 676, 678, had this to say: "But where proof is made that the notice was not given, the court should not impose on appellant the harsh penalty of dismissal of the appeal on account of the neglect of the clerk without affording appellant an opportunity to correct the error. This would be imposing too great a penalty on the appellant on account of the negligence of third party. In this connection, it has been held that where, on account of the neglect of the clerk, the record is incomplete so that it fails to show the jurisdiction of the appellate court, the appeal should not be dismissed without giving appellant an opportunity to correct the transcript. Wells v. Driskell, 105 Tex. 77, 145 S.W. 333; Blalock v. Slocomb, Tex.Com.App., 245 S.W. 648."

Appellees have called our attention to the fact that there are numerous cases holding that failure to file the record on appeal in the Court of Civil Appeals on time is jurisdictional and will defeat the right of appeal. These cases are based upon the particular language used in Rule 386, T.R. C.P., relating to the time within which the record must be filed in the Court of Civil Appeals, which has no application to appeals from the county court to the district court in guardianship matters. The fact that no enlargement of time for the filing of the transcript in the Court of Civil Appeals can be granted unless applied for in the manner and within the time provided for by Rule 386, supra, is emphasized by the provisions of Rule 5, T.R.C.P. Here the appeal was perfected within the time required by Rule 336, T.R.C.P., by giving notice of appeal during the term at which the judgment was rendered. Rule 330(a), T.R. C.P., applies to the District Courts of Nueces County and provides for the filing of the transcript in the District Court within thirty days after the rendition of the judgment or order appealed from. A record was sent to the district clerk within this thirty-day period, but it was one that complied with the provisions of Rule 334, supra, rather than with the provisions of Rule 337, which govern here. This was such an error as could easily have been corrected and is one that appellant should have been given an opportunity to correct before the harsh remedy of a dismissal of her appeal was inflicted.

Appellant has raised other questions which we do not deem necessary to pass upon, as under the above holding this case must be reversed and remanded to the District Court of Nueces County for a trial upon the merits, provided a proper transcript of the proceedings of the county court is filed in the district court within a reasonable time.

Accordingly, the order of the trial court dismissing the appeal is reversed and the cause remanded to the District Court of Nueces County for a trial upon the merits.