**DAVILA v. McWHORTER et al.**

No. 16790.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 21, 1951.

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Sawnie B. Smith, Edinburg, for appellees.

PER CURIAM.

Relator has filed herein a motion for leave to file a tendered petition for writ of mandamus.

An examination of this petition reveals that judgment was rendered against relator on June 29, 1950, in Cause No. A–7532, in the 92nd District Court of Hidalgo

County. On June 30, 1950, a motion for a new trial was filed, which motion was overruled January 25, 1951. On February 14, 1951, within twenty days after the motion for new trial was overruled, relator filed her affidavit of inability to pay costs of appeal. On February 23, 1951, respondent, W. E. Richards, filed his controverting affidavit. Relator alleges that she has never been able to secure a hearing upon her affidavit for numerous reasons, none of which relate to her negligence or lack of diligence.

From the above facts, it is ascertainable that relator's motion for a new trial was overruled more than nine months prior to the time she filed this motion for leave to file petition for mandamus.

Regardless of who may have caused this delay, we must now deny this motion for leave to file, because the time within which the record can be filed in this Court has long passed. Rule 386, Texas Rules Civil Procedure, provides that the record must be filed in this Court within sixty days after the judgment or order overruling the motion for a new trial, and if this cannot be done for any reason then it becomes appellant's duty to file, within such sixty-day period, or within a reasonable time thereafter, not exceeding fifteen days, a motion for an enlargment of the time within which to file such record, and having failed to either file the record or a motion in this Court asking for an enlargement of such time, we are now without jurisdiction to permit her to file such record. In 3-A Tex. Jur. p. 778,. § 609, it is stated: "The 75 days' time allowed for filing a motion for an extension of time within which to file a transcript and statement of facts in the Court of Civil Appeals is mandatory and jurisdictional, and may not be extended by the court. While motion filed after the expiration of 60 but within 75 days is timely, a motion not filed within 75 days leaves the appellate court without jurisdiction to do other than to dismiss it. But when the motion is filed in time, the jurisdiction of the court attaches and it may grant further extensions on subsequent motions filed after the 75-day period and before the expiration of the previous extension."

It would be useless to grant the mandamus prayed for when the record can never be filed in this Court.

The motion for leave to file the petition for mandamus is overruled.