## TIMON v. TIMON.
### No. 12317.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 21, 1951.

Rehearing Denied Jan. 9, 1952.

Patrick J. Horkin, Jr., Jerry D'Unger, Corpus Christi, for appellant.

Luther E. Jones, Jr., Travis Smith, Phillips, Horton, Smith & Schlieman, Warren B. Phillips, Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from an order granting a temporary injunction. The principal relief prayed for is a divorce dissolving the marriage of plaintiff, Walter F. Timon, and defendant, Bessie Baker Timon.

It appears that Mrs. Timon had previously filed an application in the County Court of Nueces County requesting that a guardian be appointed for Walter F. Timon on the ground that he is a person of unsound mind. The application was refused by the county court and proceedings were instituted to appeal the case to the district court. On March 24, 1951, the district court held that it was without jurisdiction of the cause as proper steps had not been taken to perfect an appeal. The correctness of that holding was this day passed upon by this Court in Cause No. 12312, styled Timon, appellant, v. Dolan and others, appellees. See 244 S.W.2d 987.

Subsequent to March 24, 1951, Mrs. Timon filed another application for the appointment of a guardian for Walter F. Timon on the grounds that he was of unsound mind.

Thereafter, on May 11, 1951, in this cause (a suit for divorce) the district judge ordered that Mrs. Bessie Timon be enjoined from prosecuting or taking any action in any legal proceedings in the County Court of Nueces County, Texas, wherein it is alleged that Walter F. Timon is an insane person or a person of unsound mind. This order was intended to stay proceedings in connection with the second application for the appointment of a guardian until the dispute as to the district court's holding on the first application could be determined by this Court.

The order appealed from does not comply with the provisions of Rule 683, Texas Rules of Civil Procedure, in that it does not set forth the reasons for its issuance. It is stated in appellee's brief that the "net effect of the temporary injunction was to give appellant the alternative of either getting a further jury trial on the sanity question by prosecuting to a successful conclu-

sion her said appeal, No. 12312, in this Court, or of dismissing that appeal and then filing a new guardianship suit in the county court. Consistently with the injunction she could take either the one course or the other but not both at the same time. In thus restricting her choice of action the district court was merely insuring there would be no multiplicity of suits in regard to the issue of appellee's sanity."

This position is not deemed tenable. It is stated in 44 C.J.S., Insane Persons, § 32, p. 88, that: "The determination of sanity by a court of competent jurisdiction is res judicata and bars subsequent proceedings based on the same facts, but it is not res judicata of questions not determined. An adjudication of sanity at a particular time is conclusive against the party and his privies on the question of his sanity at that time, but it is not conclusive as to matters not connected with the immediate purpose and scope of the proceedings, and although it may be admissible as evidence, it is not conclusive evidence of sanity at a subsequent time, especially against third persons who are not parties to the proceedings, although notified thereof."

A finding that Walter F. Timon was sane on March 24, 1951, would not bar proceedings based upon the premise that he became insane after that date.

We have here an order which seeks to restrain parties before it from going into another court and there conducting certain litigation. An order of this kind is far-reaching and drastic. It can be sustained only upon a showing of unusual circumstances. No such showing is disclosed upon the face of the order nor by the matters called to our attention in appellee's brief.

The order appealed from is reversed and the temporary injunction vacated.