**Ben C. RICHARDS, Jr., Appellant,**

v.

**NATIONAL BANK OF COMMERCE OF HOUSTON, Appellee.**

No. 12784.

Court of Civil Appeals of Texas.

Galveston.

Jan. 13, 1955.

Rehearing Denied Feb. 3, 1955.

John W. L. Hicks, Houston, for appellant.

B. Hunter Loftin, Carl G. Mueller, Jr. and Butler, Binion, Rice & Cook, Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, Honorable Ben. F. Wilson sitting as judge without a jury, dismissing the application to appeal to that court of the appellant here from an order of the probate court of June 26, 1953, refusing to admit the alleged will of Florine Powell McElmurray to probate there upon the holding that such attempted appeal had been presented more than thirty days after the complained-of order, as violative of Rules 5 and 330(a), Texas Rules of Civil Procedure.

Appellant presents here some 11 points of error, as stated by him, citing many authorities as being in support thereof, and earnestly urging this Court to construe cited Rules 5, 330(a) and also Rule 334 so as to support his earnest contention that Rules 330(a) and 334 are in irreconcilable conflict with each other and that 330(a) is further in direct violation of R.S. art. 3698 and art. 3702 as well as of the holding of the court in the cause of Henry v. Bell, Tex.Civ.App., 48 S.W.2d 749.

Without extended discussion, this Court is unable to go along with the appellant in these contentions, concluding rather that the trial court was correct in holding that appellant's appeal to it had not been perfected, as required by the mandatory and jurisdictional provisions of cited Rules 5 and 330(a), T.R.C.P., and as held by our courts, especially the Beaumont Court of Civil Appeals in the cause of Callahan v. Stover, 263 S.W.2d 630, in which cause the Supreme Court refused a writ of error.

Indeed, appellant's whole case, as so made out, briefed and argued by him, and the substance of his 11 points of error, is thus determined against him by the cited opinion of the Beaumont Court of Civil Appeals in the Callahan case, at page 638, where it thus disposes of the relationship between such Rules 5 and 330(a) appellant's briefs so attempt to place in conflict: "These considerations, however, do not alter the fact that under our interpretation of Rule 330(a) and Rule 5 the appeal and transcript must be filed in the district court within the period prescribed by Rule 330(a)."

Since, as further recited above, the Supreme Court refused a writ of error to the Beaumont Court in that cause, it specifically thereby approved that court's disposition.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.