M. Carl JONES et al., Appellants,

v.

Charlene JONES et al., Appellees.

No. 6867.

Court of Civil Appeals of Texas.

Texarkana.

May 10, 1956.

Rehearing Denied June 7, 1956.

Smead & Harbour, Longview, Hurst & Burke, Longview, Hussey & Smith, Shreveport, La., for appellants.

Jackson, Mayer & Kennedy, Shreveport, La., Wynne & Wynne, Dallas, Angus G. Wynne, Dallas, Philip Brin, Longview, Clarence A. Abramson, Dallas, for appellees.

DAVIS, Justice.

Winston Albert Jones, commonly known as Abb Jones, died testate in Caddo Parish, Louisiana, the place of his residence, on or about April 2, 1952. His surviving wife, Mrs. Charlene Willoughby Jones, filed a will dated September 12, 1951, for probate in a Proceeding for Succession in the First District Court of Caddo Parish, Louisiana, in Cause No. 111,533. The will was admitted to probate under the laws of Louisiana on May 6, 1952, and a certified copy of the will and the order admitting the same to probate was filed for record in the office of the County Clerk of Gregg County, Texas, as authorized by Article 8301, R.C.S. of Texas; the deceased being the owner of certain real estate in Gregg County, Texas, at the time of his death.

On May 11, 1954, Charlene Jones, a feme sole (being the same person as Charlene Willoughby Jones), filed her petition in the County Court of Gregg County, Texas, sitting in matters probate in Case No. 4574 and styled "In re Estate of Winston Albert Jones, Deceased," in which she alleged that the will that had been filed for record in the office of the County Clerk of Gregg County, Texas, was not the last will and testament of the said Winston Albert Jones, Deceased, but that said deceased had executed a will in December of 1951, which in all things revoked the will dated September 12, 1951. She further alleged that certain respondents named in the petition were suppressing the will made in December, 1951, and as plaintiff and next friend of their two adopted minor daughters, she desired to contest said September will.

Trial was had in the County Court of Gregg County on September 7, 1954, and judgment was there entered on September 8, 1954, denying the relief prayed for. Notice of appeal was given to the District Court, and an appeal bond was filed Septem-

ber 8, 1954. Apparently all the original papers in the case were delivered to the Clerk of the District Court of Gregg County on September 20, 1954, and were filed by said Clerk on said date. *No transcript* was filed with the District Clerk within 30 days after the rendition of the judgment as required by Rule 330a, T.R.C.P.; neither was a *certified copy* of the order or decree appealed from prepared and filed by the County Clerk as required by Rule 334, T.R.C.P.

The case was tried in the District Court on June 13, 1955, and upon a jury verdict in response to a single special issue in favor of the plaintiffs, judgment was entered in favor of appellees by the District Court. The defendants' first amended motion for new trial was overruled and an appeal has been duly perfected to this Court.

On April 20, 1956, the Clerk of this Court, under instructions from the Court, notified all parties that the transcript in this Court did not contain a transcript of the proceedings in the County Court nor a certified copy of the judgment of the County Court from which an appeal was sought to be taken. Said parties were further notified that it was the opinion of this Court, that, without those instruments appearing in the transcript, this Court was without jurisdiction in the case, and that the District Court was without jurisdiction to try the case de novo in the absence of such instruments, and cited the case of Callahan v. Stover, Tex. Civ.App., 263 S.W.2d 630, error refused. The parties were further notified that: "In the event the County Clerk prepared and filed a transcript and certified copy of the judgment of the County Court as required by law, the interested parties will be given ten (10) days from date of this letter in which to file a supplemental transcript to show the jurisdiction of this Court."

To the above letter, the Clerk received a single reply from one of the attorneys for appellees. In that letter the attorney said: "In accordance with your letter of April 20, 1956, we have requested the County Clerk of Gregg County, Texas, to prepare a Supplemental Transcript of proceedings in the County Court of Gregg County, Tex-

as, involving the above styled and numbered cause * * *." The Clerk of this Court did not say, neither was it intended to be inferred that a transcript was to be secured from the County Clerk, but one was prepared by the County Clerk of Gregg County on April 23, 1956, and filed with the District Clerk of Gregg County on April 24, 1956. This transcript was prepared into a supplemental transcript by the Clerk of the District Court and forwarded to this Court and received on April 26, 1956. The foregoing trancript by the County Clerk is the first and only transcript prepared and filed by the County Clerk in the case. This is not sufficient to confer jurisdiction upon either the District Court or this Court. The transcript from the County Clerk being filed more than one year and seven months after the judgment of the County Court, it was entirely too late. Rules 330a and 334, T.R. C.P. There being no provision for the extension of time required to file such transcript and certified copy of the judgment, the District Court of Gregg County acquired no jurisdiction of the appeal. Rule 5, T.R.C.P.; Callahan v. Stover, Tex.Civ. App., 263 S.W.2d 630, error ref.; Richards v. National Bank of Commerce of Houston, Tex.Civ.App., 274 S.W.2d 761, error ref.; Buford v. Baldwin, Tex.Civ.App., 287 S.W. 2d 301, no writ applied for.

In the foregoing letter from one of the attorneys for appellees to the Clerk, he cites the cases of Timon v. Dolan, Tex.Civ.App., 244 S.W.2d 987, writ ref., N.R.E.; and Mitchell v. Mitchell, Tex.Civ.App., 233 S. W.2d 187, 188, no writ history, as authority to confer jurisdiction on the District Court. These cases are not in point. In the Timon v. Dolan case, a guardianship proceeding, appeals governed by Rule 337, the court pointed out that the clerk apparently followed the provisions of Rule 334, instead of Rule 337. In the Mitchell v. Mitchell case, the court said: "To the order admitting the will to probate, the appellant gave notice of appeal and *regularly perfected his appeal to the District Court.*" (Emphasis ours.)

The error being fundamental, it follows that the judgment of the District Court

must be reversed and the cause be remanded to said District Court with instruction that the appeal from the County Court to the District Court be dismissed.

In view of this disposition of the appeal, we deem it unnecessary to pass upon appellants' points of error. If we had jurisdiction of the appeal, we would sustain all of appellants' points of error and either reverse and render the same, or set aside the judgment of the District Court and dismiss the case.

The judgment of the trial court is reversed and the cause is remanded to the District Court with instructions to dismiss the appeal.