# CHARLENE JONES ET AL V. M. CARL JONES ET AL.

No. A-5952. Decided November 21, 1956.
(296 S.W. 2d Series 237)

*Wynne & Wynne, Angus G. Wynne* and *Clarence A. Abramson,* of Dallas, *Phillip Brin,* of Longview, *Jackson, Mayer & Kennedy,* of Shreveport, La. for petitioners.

The Court of Civil Appeals erred in holding that petitioners had failed to perfect their appeal to the district court of Gregg County because the clerk of the probate court, in attempting to follow Rule 334 T.R.C.P., had filed all the original papers including the decree, instead of a certified copy of the decree. Stewart v. Moore, (Texas Com. App.) 291 S.W. 886; Henry v. Bell, 48 S.W. 2d 749; Blalock v. Slocomb, 245 S.W. 648.

*Hussey & Smith,* of Shreveport, La., *Smead & Harbour* and *L. F. Burke,* both of Longview, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

The probate court rendered judgment in a will contest against the contestants, Charlene Jones et al., petitioners here, on September 8, 1954. Notice of appeal was given and appeal bond filed on that day. Trial in the district court resulted in judgment in favor of petitioners. On appeal the case was reversed by the Court of Civil Appeals and remanded with instruction to dismiss the appeal to the district court from the probate court. 291 S.W. 2d 425.

The Court of Civil Appeals concluded that a transcript of the proceedings in the probate court was not filed in the district court within the thirty days as directed by Rule 330(a), T.R.C.P. and in the form required by Rule 334, and further that Rule 5 enjoined any enlargement of the time for filing. It therefore held that the district court did not acquire jurisdiction.

The point here is a very narrow one. It is concerned principally with the construction of Rule 334. This Rule provides that after the appeal bond has been filed the clerk shall transmit all of the original papers, together with a certified copy of the decree appealed from to the district clerk. In this case the original papers were all filed with the district clerk promptly and within the thirty-day period, but instead of a certified copy of the decree, the county clerk forwarded the original. In our opinion, this was a sufficient compliance with the Rule and the irregularity should not serve to prevent petitioners from having their "day in court."

The cases relied upon by the Court of Civil Appeals, namely,

Callahan v. Stover, 263 S.W. 2d 630, er. ref., and Richards v. National Bank of Commerce of Houston, 274 S.W. 2d 761, er. ref., do not hold to the contrary. In the Callahan case the original papers, appeal bond, and certified copy of the judgment of county court, were not filed with the district clerk until the expiration of some four and one-half months after the decree was entered in the probate court. The facts were substantially the same in the Richards case.

Somewhat analogous to the point before us is the holding in Timon v. Dolan, 244 S.W. 2d 987, where in a guardianship matter the clerk followed Rule 334 and forwarded to the district clerk all of the original papers when a transcript should have been filed in compliance with Rule 337. The court held that inasmuch as the trial judge had everything before him which the transcript would have contained, the appellants should have been given a reasonable time to correct the record and obtain the transcript after it was called to their attention by the Motion to Dismiss.

Rule 334 applies to estates of decedents and does not require the usual transcript. We therefore say that the Court of Civil Appeals was in error in holding that the district court did not have jurisdiction of the appeal.

The case is therefore reversed and remanded to the Court of Civil Appeals to pass upon the merits of the appeal from the district court.

Opinion delivered November 21, 1956.