Frank **CLAYTON**, Appellant,

v.

Marshall **CLAYTON** et al., Appellees.

No. 6934.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 6, 1956.

Rehearing Denied Dec. 27, 1956.

Richard F. Loomis, Jr., Dallas, Fred Erisman, Wm. Hurwitz, Longview, Rosenfield & Berwald, Dallas, for appellant.

L. F. Burke, W. C. Holcombe, Longview, for appellees.

DAVIS, Justice.

This is an appeal from the order of the District Court of Gregg County, Texas, from an order dismissing an attempted appeal from a judgment of the County Court.

Appellant brings forward one point of error complaining of the action of the trial court in dismissing the appeal because none of the original papers, or a transcript, was filed with the Clerk of the District Court within 30 days from the date of the judgment of the County Court.

Counsel for appellees have so ably and correctly stated the facts and the law in the case that we adopt the following portion of said brief (with minor changes) as part of the opinion of this court in the case:

"The County Court rendered its judgment on February 28, 1956; the record as made in the County Court was not filed in the District Court until April 19, 1956, 51 days after rendition of judgment by the County Court, and 42 days after the judgment was filed with the County Clerk.

"The District Courts of Gregg County, Texas, are governed by Rule 330 (Rules of Civil Practice and Procedure in the

certain District Courts) of the Rules of the Civil Procedure for Texas Courts.

"Rule 330(a):

" 'Appealed cases. In cases appealed to said district courts from inferior courts, *the appeal, including transcript, shall be filed* in the district court *within thirty (30) days after the rendition of the judgment* or order appealed from. * * *' (Emphasis supplied.)

"It is now settled law that the filing of 'the appeal, *including* transcript *shall* be filed in the district court within thirty (30) days after the rendition of the judgment. * * *'

"The Courts of Civil Appeals, approved by the Supreme Court by its refusals of writs of error, has held that it is *mandatory and jurisdictional* to file in the district court the 'appeal, including the transcript' as provided in Rule 330(a), T.R.C.P.

"In Callahan v. Stover, 263 S.W.2d 630, 636 (writ refused) the Court of Civil Appeals, among other things, said:

" '(7, 8) We have no doubt, therefore, that, in this kind of case the filing in the district court of the "appeal, including the transcript", as provided in Rule 330(a), is an essential element of "taking an appeal" from the county or "trial" court to the "higher" district court, within contemplation of Rule 5. It follows, we think, that "the appeal, including transcript, shall be filed in the district court" is one of the periods which Rule 5 prohibits enlargement of. In other words, we are of the opinion that Rule 5 has had the effect of the making *mandatory* and *jurisdictional* the provision of Rule 330(a) regarding the filing of the appeal and transcript, whereas in statutory form, and before adoption of Rule 5, the same provision was construed as being directory only. (Emphasis supplied.)

" 'Unless * * * We are not to suppose that in adopting such provision of the rule the Supreme Court employed language which clearly embraces appeals of this kind without intending that the language to do so; * *.

" 'The foregoing conclusion is also invited by the fact that in adopting Rule 334, T.R.C.P., the Supreme Court omitted therefrom a provision which as a part of the rule's source—statute, Art. 3702, had been a tacit invitation to county clerks to procrastinate in transmitting records to district clerks, * * *.

" '(9) Having concluded, as already stated, that provision of Rule 330(a) which requires that the appeal and transcript be filed in the district court within thirty days after rendition of the judgment or order appealed from is mandatory or jurisdictional, and since the rule contains no provision for an enlargement of such period, we are of the opinion that in the case at bar Mrs. Stover, sole contestant in the county court, lost her right to prosecute her appeal in the district court, and that the district court's jurisdiction of the appeal automatically terminated, at the expiration of thirty days after rendition in the county court of the order admitting the Will to probate; none of the papers in the cause, the appeal bond nor a certified copy of the order appealed from having been transmitted to or filed by the district clerk within such period of thirty days. Being without jurisdiction, the district court was without power to proceed to a valid trial de novo of the merits of the case, and should have dismissed the appeal at whatever stage of the proceedings the matter was brought to its attention.'

"The facts in the above case and in the instant case are as near alike as one will find and the opinion in the above cited

case has answered every contention of the appellant set forth in his brief.

"The appellant argues that which is not in any Rule nor has ever been in any statute—that there was a necessity that the appellant should have and was not notified by the County Clerk that he did not intend to prepare the record.

"That argument has been answered in the Callahan v. Stover case, supra [263 S.W.2d], on page 638:

"'(10, 11) While it may be primarily the duty of the county clerk to prepare and transmit the proper papers to the district clerk, and of the latter to file them and to docket the cause in the district court, *the appellant is not without responsibility in the matter.* In the case of In re Ritchie's Estate, Tex.Civ.App., 133 S.W.2d 591, 593, it was said: *"Undoubtedly, the duty rests upon a party appealing from an order* of the probate court *to see to it that the clerk of that court timely prepares and forwards the record to the district court,* * * *.* When it is sought to transfer a case from one court to another by an appeal, or other authorized procedure, *the burden rests upon the party against whom the judgment stands in the lower court, and who is seeking to avoid it by appeal to a higher court, to see to it that everything is done which is necessary to make it affirmatively appear that the higher court has jurisdiction of the case"'.* (Emphasis supplied.)

"The appellant did not discharge this burden and cannot be heard to complain.

"The case of Richards v. National Bank of Commerce of Houston [Tex.Civ.App.], 274 S.W.2d 761 (writ refused) is a chilling answer to the contentions of the appellant in the instant case.

"In that case, the Court, among other things, said:

"'Appellant presents here some 11 points of error, as stated by him, citing many authorities as being in support thereof, and earnestly urging this Court to construe cited Rules 5, 330(a) and also Rule 334 so as to support his earnest contention that Rules 330(a) and 334 are in irreconcilable conflict with each other and that 330(a) is further in violation of R.S. art. 3698 and art. 3702 * * *.

"'Without extending discussion this Court is unable to go along with the appellant in these contentions, concluding rather that the trial court was correct in holding that appellant's appeal to it has not been perfected, as required by the mandatory and jurisdictional provisions of cited Rules 5 and 330(a) T.R.C.P., and as held by our courts, especially the Beaumont Court of Civil Appeals in the case of Callahan v. Stover [Tex.Civ.App], 263 S.W.2d 630, in which cause the Supreme Court refused a writ of error.

"'Indeed, the appellant's whole case, as so made out, briefed and argued by him and the substance of his 11 points of error, is thus determined against him by the cited opinion of the Beaumont Court of Civil Appeals in the Callahan case [263 S.W.2d], at page 638, where it thus disposes of the relationship between such Rules 5 and 330(a) appellant's brief so attempts to place in conflict: "These considerations, however, do not alter the fact that under our interpretation of Rule 330(a) and Rule 5 the appeal and transcript must be filed in the district court within the period prescribed by Rule 330 (a)."

"'Since, as further recited above, the Supreme Court refused a writ of error to the Beaumont Court in that cause, it specifically thereby approved that court's disposition.'

"Likewise, the Supreme Court refused a writ of error to the Galveston Court in

the above cited cause, it specifically approved that court's disposition and re-approved the Beaumont Court's disposition of the Callahan case.

"The contentions of the appellant as to the Stewart v. Moore [Tex.Com.App., 291 S.W. 886] case cited by him has been effectively discussed and distinguished in the Callahan case in that historical and able opinion, making it unnecessary to be further discussed because the Supreme Court with knowledge of previous decisions promulgated rules (effective September 1, 1941) that made that case ineffective.

"Rules 330(a) and 334 do not provide within the respective rules any provision for enlargement of time for filing of transcript.

"In adopting Rule 334 the Supreme Court deliberately withdrew from the applicable rule that provision that existed in Article 3702 to the effect that the record should be filed 'on or before the first day of the next term of such district court, if possible, otherwise to the succeeding term thereof.'

"It adopted and re-enacted subdivision 13 of Article 2092 so that became subdivision (a) of Rule 330, thus reaffirming that the record 'shall' be filed in the District Court within 30 days from the date of rendition of judgment by the County Court and makes no provision for enlargement of time for such filing. By the use of 'shall' in adopting subdivision 13 of Article 2092, the Supreme Court used *mandatory* and not *directory* language. This is shown by the use of the very word 'shall', and, it is further shown by the deletion of the conflicting provisions previously found in Article 3702.

"To further emphasize its determination of making mandatory provision (a) of Rule 330 known and effective it placed into effect Rule 5 of the Rules of Civil Procedure which as applicable the instant case we quote a portion thereof:

"'But it [court] may not enlarge the period for taking any action under the rules relating to * * * the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto.'

"The Courts of Civil Appeals in opinions approved by the Supreme Court by refusal of writs of error, Callahan v. Stover and Richards v. National Bank of Commerce of Houston, supra, have recognized and held that the filing of the record on appeal from a lower trial court, within the prescribed time, is mandatory (and that a court to which an appeal is sought may not enlarge the period of time for the filing of such record unless the very statute or rule prescribing such time element contains provisions therein for the enlargement of such time by the court to which the appeal is sought).

"The Supreme Court passed upon the effect of Rule 384 which was similar and almost identical to Rule 330(a) that arose in State [ex rel. Crawford] v. Wagner, [Tex.Civ.App.] 203 S.W.2d 795 [796].

"In that case Judgment was rendered in the trial court on October 23, 1946; appeal bond was filed November 2, 1946; however, the transcript was filed in the Court of Civil Appeals until December 6, 1946—33 days after filing of the bond.

"In that case the Supreme Court said:

" 'If this rule is to be given jurisdictional and mandatory effect, then the motion to dismiss is well taken. The language used is mandatory in form and should be so construed unless there is reason for giving it some other effect. There is no stronger mandatory term than the word "shall."

" 'There is no provision in this rule which would permit us to grant an extension of time for any reason upon motion filed within the twenty-day period or at any other time.'

" 'Rule 5, T.R.C.P. provides in part as follows:

" ' "But it (the appellate court) may not enlarge the period * * * for taking an appeal or writ of error from the trial court to any higher court * * * except as stated in the rules relating thereto."

" 'This is mandatory language and means that the appellate court can not enlarge the period of time for taking an appeal in a quo warranto proceeding, except as stated in Rule 384. There being no provision in Rule 384 for the granting of an enlargement of time of the period for the taking of an appeal in a quo warranto proceeding, we do not have the power to grant such enlargement. * * *

" 'As we interpret the Rules of Civil Procedure, Rule 437 provides that we can make no "enlargement of time prohibited by Rule 5 and Rule 5" provides that we "may not enlarge the period * * * for taking an appeal * * or writ of error from the trial court to any higher court * * * except as stated in the rules relating thereto."

" 'This is mandatory language and means that the appellate court can not enlarge the period of time for taking an appeal in a quo warranto proceeding, except as stated in Rule 384. There being no provision in Rule 384 for granting of an enlargement of the period for the taking of an appeal in a quo warranto proceeding, we do not have the power to grant such enlargement.'

"In Davila v. McWhorter [Tex.Civ. App.] 243 S.W.2d 877 [878], the court said:

" 'Regardless of who may have caused this delay, we must now deny this motion for leave to file, because the time within which the record can be filed in this Court is long past.'

"There is no distinction made between Rules 437 and 5.

"The Supreme Court in Matlock v. Matlock [151 Tex. 308], 249 S.W.2d 587 [590], said:

" 'Rule 5 vests broad discretion in courts to allow enlargement of the time within which some acts are required, or allowed to be done, but Rule 437 makes it clear that such discretion is not allowed in passing on motions to enlarge the time to file a transcript and statement of facts in this language:

" ' "The court may make no enlargement of time prohibited by Rule 5 nor any enlargement of time for filing transcript and statement of facts except as contemplated by Rule 386."

" 'The Legislature has said in no uncertain terms that civil litigation should not be drawn out but should be disposed of with dispatch. By court rules we have sought to adhere to that policy. The end result should be a better administration of justice. That result cannot be obtained if the statute designed to attain it is not enforced according to its clear intent.'

"In Eldridge v. Lake Whitney Enterprises [Tex.Civ.App.], 231 S.W.2d 466 [467], with reference to the time for the filing of transcript and statement of facts in the Courts of Civil Appeal said:

" 'Our courts have repeatedly held that the foregoing requirements are mandatory and jurisdictional, and that the time limits therein prescribed can not be dispensed with or enlarged except upon conditions set forth in the rule. * * * Consequently, regardless of why the record was not tendered to the clerk of this court for filing prior to April 25, 1950, we have no legal authority or discretion under the existing circumstances to order or permit such record to be filed at this time.'

"See also Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958."

We hold that Rule 330(a) definitely governs the time within which the papers and/or transcript must be filed with the Clerk of the District Court in an attempted appeal from the County Court of Gregg County to the District Court. Therefore, neither original papers nor transcript having been filed with the Clerk of the District Court within 30 days as provided by said Rule 330(a), the District Court acquired no jurisdiction of the case, except to dismiss the same.

The judgment of the trial court is affirmed.