Albert BROOKS, Appellant,

v.

ESTATE of T. A. KINCAID, Deceased, et al., Appellees.

No. 10718.

Court of Civil Appeals of Texas.

Austin.

Jan. 6, 1960.

William Davenport, Royal Hart, San Angelo, for appellant.

Runge, Marschall & Runge, San Angelo, for appellees.

HUGHES, Justice.

On October 24, 1953, the County Court of Tom Green County entered an order probating an instrument in writing dated November 26, 1949, and an instrument in writing dated March 11, 1952, as the last will and testament and codicil, respectively, of T. A. Kincaid who died in Tom Green County on or about August 4, 1953.

On January 15, 1955, Albert Brooks, a legatee named in the will of T. A. Kincaid, appellant herein, filed a petition (No. 4375) in the County Court of Tom Green County contesting the will of T. A. Kincaid and praying that the order admitting such will to probate be cancelled and held for naught.

All defendants filed answer on November 15, 1955. On July 3, 1956, the County Court

of Tom Green County entered an order and judgment in Cause No. 4375 denying contestant, Albert Brooks, any relief which order recited notice of appeal to the District Court of Tom Green County.

On July 16, 1956, Albert Brooks filed an appeal bond, duly approved by the County Clerk, in the sum of $200 conditioned that he should prosecute his appeal from such judgment with effect.

The above mentioned order probating the will and codicil of T. A. Kincaid, petition of Albert Brooks, answer of defendants, judgment denying contestant any relief and appeal bond were filed in the office of the District Clerk of Tom Green County on October 19, 1956.

A motion was made in the Court below to dismiss the appeal from the County Court to the District Court on the ground that "neither the pleadings, transcript nor certified copy of judgment of the County Court of Tom Green County, Texas, was filed with the District Clerk within thirty (30) days after date of judgment as required by Rule 330(a), T.R.C.P."

■ Rule 330, Texas Rules of Civil Procedure, applies to district courts having successive terms as therein defined. Tom Green County district courts are within this classification. Bowman v. Traders & General Ins. Co., Tex.Civ.App. Austin, 219 S.W.2d 148, writ ref.

Rule 330(a) provides:

"In cases appealed to said district courts from inferior courts, the appeal including transcript, shall be filed in the district court within thirty (30) days after the rendition of the judgment or order appealed from, and the appellee shall enter his appearance on the docket or answer to said appeal on or before ten o'clock a. m. of the Monday next after the expiration of twenty (20) days from the date the appeal is filed in the district court."

Other pertinent statutes and rules are: Art. 3698, Vernon's Ann.Civ.St., provides for appeals from judgments and orders of the County Court to the District Court by "complying with the provisions of this chapter." This article is contained in Chapter Thirty and the only other statute in this Chapter is Art. 3700, V.A.C.S., providing that an executor or administrator may appeal without bond.

Rule 334, T.R.C.P., which is contained in "Section 12. Review by District Courts of County Court Rulings" provides:

"Upon such appeal bond or affidavit being filed with the county clerk, or upon the overruling of the contest, if one is filed, he shall immediately transmit all the original papers in said proceedings to the clerk of the district court together with the appeal bond or affidavit and a certified copy of the order or decree appealed from, and the district clerk shall immediately file and docket the cause in the district court. Such cases shall be tried de novo in the district court, and shall be governed by the same rules of procedure as other civil cases in said court."

■ This Rule (334) applies to estates of decedents. Jones v. Jones, 156 Tex. 287, 296 S.W.2d 237.

We are not concerned here with the form of the transcript but only with the element of time. If there is any conflict between Rules 330(a) and 334 as to when the appeal should be filed in the district court, a question we do not decide, we consider Rule 330(a), upon which appellant relies, more liberal in this respect than Rule 334.

■ There is no need for us to decide this question because if, as we hold, appellant did not perfect his appeal within thirty days he certainly did not perfect it "immediately." . .

: The question presented here has been authoritatively decided by the Beaumont

Court of Civil Appeals in Callahan v. Stover, 263 S.W.2d 630, writ refused, and by the Galveston Court of Civil Appeals in Richards v. National Bank of Commerce, 274 S.W.2d 761, writ refused.

Callahan v. Stover was a will contest in which an appeal was attempted from the county court to the district court. The appeal failed because the appeal papers were not filed with the clerk of the district court within the thirty days allowed by Rule 330(a). We will quote enough from that opinion to disclose its present applicability [263 S.W.2d 637]:

"Having concluded, as already stated, that the provision of Rule 330(a) which requires that the appeal and transcript be filed in the district court within thirty days after rendition of the judgment or order appealed from is mandatory or jurisdictional, and since the rule contains no provision for an enlargement of such period, we are of the opinion that in the case at bar Mrs. Stover, sole contestant in the county court, lost her right to prosecute her appeal in the district court, and that the district court's jurisdiction of the appeal automatically terminated, at the expiration of thirty days after rendition in the county court of the order admitting the will to probate; none of the papers in the cause, the appeal bond, nor a certified copy of the order appealed from having been transmitted to or filed by the district clerk within such period of thirty days. Being without jurisdiction, the district court was without power to proceed to a valid trial de novo of the merits of the case, and should have dismissed the appeal at whatever stage of the proceedings the matter was brought to its attention.

\* \* \* \* \* \*

"In reaching the foregoing conclusions, we have not been unmindful of the fact that Rule 334, supra, says that the county clerk shall transmit the papers, etc., to the district clerk, nor of the fact that in Stewart v. Moore, supra, the Commission of Appeals said that 'within the time prescribed by law, which is 30 days, the duty alone rested upon the clerk of the county court to transmit the original papers \* \* \* to the clerk of the district court,' nor of the fact that in other cases dealing with the same or similar subject matter our courts have expressed reluctance to see one's right of appeal defeated by what they have referred to as the negligence of a third party. These considerations, however, do not alter the fact that under our interpretation of Rule 330(a) and Rule 5 the appeal and transcript must be filed in the district court within the period prescribed by Rule 330(a)."

In order to complete presentation of appellant's contentions we copy the following statement from his brief:

"Appellant's Attorney testified that the County Clerk through his assistant had, when inquiry was made, July 16th, 1956 reported that the Court papers were temporarily misplaced. He relied on this statement and did not find out until two and one-half years later that the papers were not found and filed within the thirty day period required by law. The Deputy County Clerk, Clay Bingham, on direct examination testified:

" 'Q. Are you familiar with Rule 330(a) of the Texas Rules of Civil Procedure that provides that the record should be sent up within 30 days after the filing of the bond; are you familiar with that rule? A. I have heard of it.

" 'Q. And did you know at that time Mr. Bingham, that that was the rule, that the record had to be sent up in 30 days? A. Well, I believe that— that is my opinion, they are supposed to be up in 30 days.

" 'Q. I will ask you if it isn't a fact that I called your attention to it when I made inquiry as to whether or not the record had been sent up? A. I can't say truthfully as I remember.

" 'Q. Mr. Bingham, I will ask you whether or not in the handling of papers in the will cases that the attorneys sometimes misplace the papers? A. Yes, sir, that has happened.

" 'Q. Would you say at this time that you did not tell me that the papers were misplaced? A. I told you it was my recollection that the papers were misplaced, but now I couldn't say for how long, Mr. Davenport. Very often we can't find a certain jacket, well, for a while, but we go to digging (for) them.

" 'Q. Would there have been any other reason for delay in sending up the papers except the misplacing of them? A. Unless you failed to request it.

" 'Q. The appeal bond was filed and approved, wasn't it? A. Yes.' "

■ Under the opinion in Callahan v. Stover we hold that these facts are not sufficient to extend the time for filing the appeal papers with the District Clerk beyond the thirty days allowed by Rule 330(a).

The judgment of the Trial Court is affirmed.

Affirmed.

On Appellant's Second Request to File Motion for Rehearing

PER CURIAM.

Appellant files an affidavit the purport of which is that his motion for rehearing was deposited in Box A, at the Capitol Station Post Office in Austin at 4:45 P.M. on January 21, 1960, this date being the last day on which such motion could be filed under Rule 458, T.R.C.P.

Box A is the post office box rented by this Court.

We accept as correct for the purpose of this opinion the facts stated in appellant's affidavit although it is apparent that most of them are not within affiant's knowledge.

Under Rule 458 the motion for rehearing must be filed with the Clerk.

In Rowney v. Rauch, Tex.Civ.App. Fort Worth, 258 S.W.2d 371, 373, writ ref., it was held that a motion for new trial presented to the Judge was not filed as required by Rule 324, T.R.C.P., the Court saying:

"At least for the purposes of an appeal, an instrument is not filed until it is deposited with the clerk of the court for the purpose of making it a part of the records in the case."

Among the authorities cited in support of this statement of law was our opinion in Dyches v. Ellis, Tex.Civ.App., 199 S.W. 2d 694, 697, where Chief Justice McClendon for this Court used this language:

"It is essential to filing, however, that the document be left with the officer among the file papers of the case, as a permanent portion of the record."

■ It is our opinion that the motion was not filed with the Clerk while it lay in a post office box located about 200 yards from the Clerk's office. It is not shown nor averred that the Clerk knew of its existence. Her duty with respect to the motion was in no manner invoked.

Motion denied.