Mrs. Alpha MULLINS et al., Appellants,

v.

Gervis MULLINS et al., Appellees.

No. 5458.

Court of Civil Appeals of Texas.

El Paso.

June 7, 1961.

Rehearing Denied July 5, 1961.

Goodwin & Cavin, Tyler, for appellants.

Wynne & Wynne, Wills Point, L. F. Sanders, C. L. Stanford, Canton, for appellees.

LANGDON, Chief Justice.

On April 6, 1954, the County Court of Van Zandt County entered an order in Cause No. 6455 probating an instrument in writing purporting to be the will of Mrs. Alice R. Mullins, deceased, and appointing Gervis Mullins administrator of her estate.

On November 9, 1955, appellants filed a petition (No. 6547) in the County Court of Van Zandt County contesting the probate of the will, and seeking to have the order probating the will set aside.

On January 31, 1956, after a hearing, judgment was entered denying contestants any relief, and also reciting contestants' notice of appeal to the District Court of Van Zandt County.

Six days later, on February 6, 1956, a transcript containing contestants' original petition, citation for personal service on Gervis Mullins and Ava Ruth Mullins, defendants' plea to the jurisdiction, defendants' original answer, and an appeal bond,

were filed in the District Court. *However, neither the original nor a certified copy of the County Court judgment sought to be appealed from was filed in the District Court until January 11, 1960.*

On January 7, 1960, appellees filed a motion to dismiss contestants' appeal from the judgment of the County Court. The motion was heard on January 11, 1960, and an order was signed and entered February 4, 1960, granting appellees' motion and dismissing the appeal for want of jurisdiction, on the ground that the Clerk of the County Court had not included a certified copy of the County Court's judgment in the transcript filed with the Clerk of the District Court. From this action appellants (contestants below) have perfected their appeal to this court.

This appeal is predicated upon a single point of error, by which it is contended that the trial court erred in refusing to take jurisdiction of this case, and in dismissing appellants' appeal from the County Court to the District Court.

The sole question for determination is whether the County Clerk's failure to include a certified copy of the County Court's judgment in the transcript is sufficient grounds for dismissal of the appeal, without allowing appellants, after notice of the omission, a reasonable time to correct the irregularity.

Rule 330(a), Texas Rules of Civil Procedure, provides that, in cases appealed from inferior courts to the district court, "the appeal including transcript, shall be filed in the district court within thirty (30) days after the rendition of the judgment or order appealed from * * *." This rule specifies the time within which the appeal may be filed. Rules 332 to 343, Texas Rules of Civil Procedure, are the rules governing the review by district courts of county court judgments and orders. Certain of those rules are applicable to review of proceedings involving estates of decedents (Rules 332 to 335, inclusive); and other rules (Rules 336 to 343) apply to review of pro-

ceedings involving guardian and ward cases. Appeals from lower courts to the courts of civil appeals are governed and controlled by still another group of rules.

The spirit and purpose of the Rules is set forth in Rule 1. Rule 437 was adopted to prevent dismissal, on purely technical, grounds, of causes filed in the courts of civil appeals; and Rules 481 and 504 were adopted for the same reason, to govern appeals in the Supreme Court of Texas.

We believe the principles announced by Rules 437, 481 and 504 are applicable to appeals to the district courts; and, while it is true that no comparable rules have been adopted which specifically authorize or require the judge of a district court to allow a reasonable time for correcting irregularities in the appeal, before affirming, reversing or dismissing an appeal for such defects or irregularities; nevertheless, we believe the district court not only has such power, but a duty to exercise it, provided the court makes no enlargement of the time prohibited by Rule 5 or Rule 336.

In the case before us, there is no question but what appellants and their attorneys did and performed every act, required of them by the Rules, to perfect their appeal and to obtain a trial de novo in the district court. The County Clerk *did* file a transcript of the County Court proceedings (although defective) in the District Court, within the time provided by the Rules. This, we believe, was sufficient to confer jurisdiction on the District Court.

From the adverse judgment of the County Court, appellants acted promptly to preserve and protect their right of appeal. Although the Rules allowed thirty days in which to file the transcript, it was filed within six days. Appellees made no objection or complaint respecting the appeal, either of form or substance, until January 7, 1960 (a period of more than three years and eleven months after the appeal had presumably been perfected). During this near-

ly four-year period between the filing of the transcript in the district court and the date on which the appeal was dismissed, the case had been set for trial on numerous occasions, but had been passed or continued for various reasons, on motion or by agreement of both sides. During such time, the matter of the defect or irregularity involved by reason of the County Clerk's failure to include a certified copy of the judgment of the County Court in the transcript filed in the District Court apparently went unnoticed until appellants' attention was directed to the omission by appellees' motion to dismiss. Appellees contend that the Rules require a *certified copy* of the judgment to be filed; however, in the case of Jones v. Jones, 156 Tex. 287, 296 S.W.2d 237, the Supreme Court of Texas held that the filing of the original county court judgment, rather than a certified copy thereof as required by Rule 334, was sufficient compliance with the rule, and that such irregularity should not prevent appellants from having their day in court.

Appellants, in the case now before us, corrected the omission, after notice of the irregularity, and before the trial of the cause, by filing, or causing the County Clerk to file, the original final judgment of the County Court with the other papers filed in the District Court.

■■ When appellants have shown, as they have here, that a *timely*, good faith, bona fide attempt was made to perfect their appeal to the district court; and where, after notice of the omission or irregularity in the appellate procedure, appellants thereafter, without delay, supplied the omission or corrected the irregularity, we believe the spirit and purpose of the rules require that such appellants should have their day in court. We hold that appellants' appeal, under the facts of this case, should not have been dismissed until they had been afforded a reasonable opportunity to correct or amend the error complained of.

■ The omission of the certified copy of the judgment from the transcript filed in the District Court was the fault of a third party—the Clerk of the court. It has been held, in similar cases, *even before the adoption of the Rules* (the purpose of which was to avoid dismissals on purely technical grounds), that, "where, on account of the neglect of the clerk, the record is incomplete so that it fails to show the jurisdiction of the appellate court, the appeal should not be dismissed without giving appellant an opportunity to correct the transcript." Smirl v. Globe Laboratories, Inc., 144 Tex. 41, 188 S.W.2d 676, 678; Timon v. Dolan, Tex.Civ.App., 244 S.W.2d 987; Wells v. Driskell, 105 Tex. 77, 145 S.W. 333.

We sustain appellants' single point of error, and accordingly reverse the judgment of the trial court dismissing this cause, and remand to the District Court for a trial on the merits.

ABBOTT, J., not participating.