**Nathan FLOWERS, Appellant,**

v.

**Elo BAUER, Appellee.**

**No. 120.**

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 16, 1965.

Ronald Smallwood, Karnes City, for appellant.

Miller & Vollentine and Henry H. Vollentine, Gonzales, for appellee.

NYE, Justice.

This is an appeal from a will contest. Appellee, Elo Bauer, was proponent of the Last Will and Testament of Felix Flowers, deceased, in the county probate court of Gonzales County, Texas. Nathan Flowers, appellant, was the contestant in both the county and district courts. The county court admitted the will to probate rendering judgment on November 6, 1963. Appellant gave notice of appeal, requested the county clerk to prepare a transcript in accordance with the provisions of Rule 336, Texas Rules of Civil Procedure, and designated the instruments to be included in the transcript. The final judgment was not one of the instruments designated. Appellee did not direct the county clerk to include any additional portions of the proceedings to be included in the transcript. The appeal bond was filed and approved on November 19, 1963. The bond expressly states that a final judgment was signed admitting to probate the document in question by the proponent, appellee, as the Last Will and Testament of Felix Flowers, deceased. The transcript was certified by the county clerk and was filed in the 25th Judicial District Court in and for Gonzales County, Texas, on November 21, 1963.

The case was tried de novo in the district court before a jury which rendered a verdict in favor of the proponent of the will, the appellee herein, thus affirming the action of the county probate court. Following the return of the verdict, appellee discovered that the original or certified copy of the judgment of the county court was not

included in the transcript. He immediately filed a motion with the district court for permission to file a supplemental transcript to include a certified copy of the judgment rendered in the probate court. The motion was granted on May 27, 1964, and such supplemental transcript, including the certified copy of the judgment, was filed with the district clerk the next day, on May 28, 1964. The judgment in the district court, based on the jury verdict, was signed and rendered on June 25, 1964. Appeal was then perfected to the Court of Civil Appeals.

The sole question here presented for determination by this Court is the jurisdiction of the district court to try the case and render judgment therein. Appellant contends that since the original or certified copy of the county court judgment was not included in the original transcript and not filed in the district court until more than six months after rendition and entry in the county court, the district court was without jurisdiction to try the case and render judgment therein. In effect, appellant argues that without including the judgment of the county court in the original transcript, there was no transcript at all and, therefore, the transcript was not filed within thirty days after the county court judgment in compliance with Rule 336, T.R.C.P.

Appellant does not complain that the trial court abused its discretion in granting the motion to supplement the transcript of the proceedings in the probate court, nor does he contend that any harm or injury was caused to him by the granting of the motion by the trial court which would amount to an abuse of discretion by the district trial court.

Rule 336, as amended, and effective September 1, 1962, provides that the party desiring to appeal from the county court *shall* file with the clerk within ten days a written direction as to matters which he deems necessary to a review of the county court ruling to be included in a transcript. Within five days after receipt of such direction any other interested party *may* also file a

written direction to include in the transcript additional portions of the proceedings. The rule goes on and states that the appealing party shall file such transcript with the clerk of the district court within thirty days from the date of the rendition of the judgment appealed from.

Finally, the rule provides:

"Defects or irregularities in the procedure incident to the appeal, either of form or substance, may be corrected or amended after the record has been filed, and reasonable time to do so shall be allowed by the district court, but no enlargement of time for filing the record except as contemplated by this rule, nor enlargement of time prohibited by Rule 5, shall be allowed."

Appellant cites two cases which can be distinguished on their facts. In Church v. Crites, 370 S.W.2d 419, Tex.Civ.App., 1963, ref., n. r. e., no transcript at all was filed until fifty four days after entry of judgment in the county court. The late filing of such transcript without an extension of time for good cause shown, was jurisdictional and, therefore, the district court could not entertain the appeal. In Buford v. Baldwin, 287 S.W.2d 301, Tex.Civ.App. 1956, the transcript in the Court of Civil Appeals did not reveal that the original papers in the case from the county court were ever filed in the district court. This irregularity was called to the attention of the appellant with instructions to his counsel that if the appeal had been properly perfected (evidenced by the original papers filed in a transcript from the county court to the district court) appellant would be given ten additional days after submission in the Court of Civil Appeals to file a supplemental transcript to perfect the record. Appellant did not, or was not able to comply with this opportunity. The Court of Civil Appeals held that, without a showing that a transcript from the county court had been filed in the district court, the district court did not have jurisdiction except to dismiss the appeal. In the case before us

the record before us shows that the transcript was filed in the district court (although defective) within thirty days after rendition of judgment in the probate court. We hold that this was sufficient to confer jurisdiction on the district court.

In the case of Mullins v. Mullins, 348 S.W.2d 69, Tex.Civ.App.1961, ref., n. r. e., a will contest case, the transcript from the county court was timely filed in the district court, but neither an original nor a copy of the judgment was included in the transcript. After thirty days had expired, the contestant tendered and filed a certified copy of the missing judgment. However, the district court ordered the appeal dismissed for want of jurisdiction because the transcript did not include the judgment of the probate court. The El Paso Court of Civil Appeals reversed the judgment of the trial court and remanded the case for a trial on its merits. This case was decided before Rule 336, T.R.C.P. (above cited) was amended. Chief Justice Langdon, speaking for the Court, stated:

"We believe the principles announced by Rules 437, 481 and 504 are applicable to appeals to the district courts; and, while it is true that no comparable rules have been adopted which specifically authorize or require the judge of a district court to allow a reasonable time for correcting irregularities in the appeal, before affirming, reversing or dismissing an appeal for such defects or irregularities; nevertheless, we believe the district court not only has such power, but a duty to exercise it, provided the court makes no enlargement of the time prohibited by Rule 5 or Rule 336. * * *

" * * * The County Clerk *did* file a transcript of the County Court proceedings (although defective) in the District Court, within the time provided by the Rules. This, we believe, was sufficient to confer jurisdiction on the District Court."

■ It does not appear to us that the courts have intended to deprive a litigant of his right to be heard on appeal by reason of a defect or omission from the record, if such defect can be remedied or such omission can be supplied without delay of the judicial process, or without harm to opposing parties. See Rules 437, 481 and 504, T.R.C.P., and cases cited thereunder. The higher courts have not been hesitant in resorting to these rules to permit amendments to transcripts to provide what otherwise could be serious omissions. See Buford v. Baldwin, supra; Polis v. Alford, Tex.Civ.App., 267 S.W.2d 918. The Supreme Court of Texas, in a case where the transcript was not filed in the form required by the then Rule 334, T.R.C.P. (before the amendment) held that there was a sufficient compliance with the rule and the irregularity should not serve to prevent petitioners from having their "day in Court". Jones v. Jones, 156 Tex. 287, 296 S.W.2d 237 (1956).

■ We hold that the filing of the transcript within the thirty-day period as provided in Rule 336, T.R.C.P., is the act necessary under the facts before us, to confer jurisdiction on the district court. The trial judge was authorized to permit a supplemental transcript to be filed where the omission can be supplied without delay of the judicial process or harm to the opposing parties.

Appellant's point is overruled.

Judgment of the trial court is affirmed.